**Palamaltam C. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–01315–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Mack Arnold Douglas M. O'Brien, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Palamaltam C. Williams ("Williams"), entered a plea of not guilty to the offense of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon 1994 & Supp.1998). He was convicted and the trial court assessed punishment at confinement for fifty years in the Texas Department of Criminal Justice–Institutional Division. In his sole point of error, Williams argues he received ineffective assistance of counsel. We affirm.

1.  Williams asserts that the following comprised the complete voir dire examination of his trial counsel:
    MR. DIDION (Williams's counsel): I'm Palmer Didion and I'm representing the defendant. We call him P.C. Williams because—you spell his name P-a-l-a-m-a-l-t-a-m, and it's difficult to pronounce.
    I think it's Palamaltam.. So it's P.C. Williams. I don't have an awful lot to cover since the judge and Ms. Tirey, I think, everything's been covered. I don't know that this is an appropriate time to go into the different shades of human relationships, especially the different degrees of relationship between a husband and wife. And I believe, again, Ms. Tirey sufficiently covered that sort of thing. When it gets down to it, you basically will have to make a decision whether the defendant, Mr. Williams,

## Discussion

Williams contends he received ineffective assistance of counsel, under the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 10 of the Texas Constitution, because his attorney failed to conduct a meaningful voir dire of prospective jurors. *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10. He alleges that his attorney waived all questions to the prospective jurors and, thus, provided no assistance in his defense.[1]

When reviewing ineffective assistance of counsel claims, Texas courts apply the standard set out by the United States Supreme Court in *Strickland v. Washington. See Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). The *Strickland* standard requires a defendant to show (1) his counsel's performance was deficient, and (2) his counsel's errors were so serious as to deprive the defendant of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In meeting the second prong of the *Strickland* test, the Supreme Court noted "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. 2052. In *Ex parte Welborn,* the Texas Court of Criminal Appeals further defined the *Strickland* standard:

This standard has never been interpreted to mean that the accused is entitled to

has actually raped or taken his wife by force, threat, violence, threat.
MS. TIREY: Your Honor, for the record defense counsel has gone into the relationship here and facts of the case.
THE COURT: Don't go into any of the alleged facts of the case yet.
MR. DIDION: What's the fact part? The wife?
THE COURT: Don't talk about the case.
MR. DIDION: Well, like I say, the judge and Ms. Tirey have sufficiently covered this and I think it is time for us to get on a little further with the case. And as the facts are revealed, you will be able to make your decisions. I'm not going to ask any individual persons any questions, because they've been covered already. And so I will just—you know, ready to get on with the trial of this case.

errorless or perfect counsel. When reviewing a claim of ineffective assistance of counsel, judicial scrutiny of counsel's performance must be highly deferential. Whether the *Strickland* standard has been met is to be judged by "the totality of the representation." Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination. An applicant must show omissions or other mistakes made by counsel that amount to professional errors of a magnitude sufficient to raise a reasonable probability that the outcome of the trial would have been different but for the errors.

785 S.W.2d 391, 393 (Tex.Crim.App.1990) (citations omitted).

Williams directs us to the El Paso Court of Appeals decision in *Miles v. State* as support for his argument that he received ineffective assistance of counsel. *See* 644 S.W.2d 23, 24–25 (Tex.App.—El Paso 1982, no pet.). In reversing a judgment for ineffective assistance of counsel, the El Paso court explained:

> Normally, you would expect counsel for the accused to determine if any prospective juror either knew or was related to the prosecutor or any of the State's witnesses. Also, counsel should inquire about the willingness of the jurors to apply the presumption of innocence and their willingness to require the State to meet its burden of proof. Merely telling the panel of these provisions of the law without inquiring about the panel giving them full effect does not normally meet expected standards of one who diligently represents his clients.

*Id.* at 24.

We believe the present situation is distinguishable from the one presented in *Miles.* First, ineffective voir dire examination provided only one of several problems the accused experienced with his representation in *Miles.* *See id.* at 25. Williams does not direct us to any additional alleged deficiencies in his representation under which we could question the "totality of his representation."

Second, and more importantly, is the participation of the trial judge in the voir dire examination of the present case. The trial judge questioned the potential jurors about whether they knew or had a relationship with the prosecutors, potential witnesses, or law enforcement persons in general. The judge also questioned the panel about their willingness to apply the presumption of innocence and place the burden of proof on the State. In light of the trial judge's extensive participation in the voir dire examination, we cannot characterize the decision of Williams's counsel to forego further questioning as anything other than trial strategy. *See Jackson v. State,* 491 S.W.2d 155, 156 (Tex.Crim.App. 1973) (noting "the length of voir dire examination could have very well been dictated by trial strategy").

■ Furthermore, Williams is unable to show us how the result of the proceeding would have been different if his counsel had conducted a more effective voir dire examination. *See Strickland v. Washington,* 466 U.S. at 696, 104 S.Ct. 2052 ("a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support"). Williams did not file a motion for new trial nor request a hearing to further elicit facts to support the contention that he received ineffective assistance of counsel. *See Gamble v. State,* 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *Toney v. State,* 783 S.W.2d 740, 742–43 (Tex. App.—El Paso 1990, pet. ref'd); *see also Ex parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim. App.1997) (noting "in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims"). In fact, Williams exercised all ten peremptory challenges allotted to him, and fifteen jurors were stricken by agreement with the State. Thus, Williams fails to direct us to any part of the record to show us how the alleged improper voir dire examination affected his selection of jurors or the outcome of his trial.

We overrule Williams's point of error and affirm the judgment of the trial court.