Opinion issued December 23, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00611-CR

———————————

Warren Harrison,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 338th District Court

Harris
County, Texas



Trial Court Case No. 1147838

 



 

 

O P I N I O N

Appellant, Warren Harrison, was charged
by indictment with the felony offense of murder.[1]  Appellant pleaded not guilty.  A jury convicted appellant and assessed
punishment at 25 years’ confinement.  Appellant
brought this appeal.  In four points of
error, appellant challenges the trial court’s denial of his request for
additional time to conduct voir dire and asserts that he received ineffective
assistance of counsel because of his attorney’s “ineffective use of time during
voir dire.”

 We affirm.  

                                                                                                                                                                
Background

On November 2, 2006, appellant, his girlfriend, and Nicole
Williams went to Tianna Rivers’s apartment to confront her about money Williams
believed Tianna had stolen.  Tianna met
the group outside her apartment carrying a can of mace and a kitchen knife.  Upon hearing the disturbance, Tianna’s
mother, Laurie Rivers, came outside and told the group to leave. 

When appellant approached Tianna, she pulled out the
kitchen knife.  Laurie told Tianna, “Go
get my pistol.”  Appellant pulled out a
gun and tried to shoot, but the gun’s safety device prevented it from firing.  Williams attempted to pull down appellant’s
arm and told him not to shoot, but he pulled his arm away.  Appellant disengaged the safety and began
shooting at Tianna and Laurie.  He shot
Tianna in the leg before pursuing Laurie and shooting her in the chest.  Laurie died from the gunshot wound.  

At trial, appellant began voir dire by asking if any of
the panel members had conflicts that would prevent them from devoting the time
necessary to jury service.  Appellant
educated the panel on the process of voir dire and the strike system.  He asked panel members individually about
prior jury service, asking each person how long ago they had served, what type
of case it was, whether that jury had reached a decision, whether that jury had
been called upon to assess punishment, and finally whether anything about their
prior service on a jury would influence or impact the individual’s ability to be
fair and impartial.

Appellant also asked which of the panel members knew of “the
Joe Horn case” and asked, based upon what they had heard about that case,
whether they agreed with the grand jury’s decision not to indict Horn.  He asked if anyone disagreed that the law, in
certain circumstances, allows persons to defend themselves, and he read the law
of self-defense to the panel.  In his
last question to the panel, appellant asked if anyone was philosophically
opposed to gun ownership. 

When the trial court informed appellant that his time for
questioning had expired, appellant stated that he wanted to file a formal
pre-typed motion requesting additional time to ask questions included in the motion.  The trial court informed appellant that he
had already been given 44 minutes, 14 minutes more than originally
allotted.  Appellant then offered the
motion for additional time, which listed the questions he was unable to ask and
began to recite additional questions beyond those listed in the pre-typed
motion.  The trial court instructed him
to “write those down and then just have it offered.”  Appellant replied, “As long as I can make a
bill later with the rest of the questions, that’s fine.”

Following the striking procedure, the trial court asked whether
either side had any objection to the seating of the jury.  Both the prosecution and defense stated
“none.”  The jury was sworn in by the
clerk of the court.  

Outside the presence of the jury, the trial court asked appellant
if there was anything he would like to put on the record.  Appellant recited the questions he asserted
he would have asked had he been given more time.  The trial court reiterated that appellant had
already been given 14 additional minutes and that it did not believe he had
used his time effectively.  The trial
court stated its reasons why it felt that appellant had sufficient time for
voir dire, but it never formally ruled on appellant’s counsel’s objections.  Before the indictment was presented, the trial
court asked a second time if there was any objection to the seating of the
jury.  Appellant responded, “None from
the defense.”  

Motion for Additional Time to Conduct Voir Dire

In his first three points of error, appellant challenges
the trial court’s refusal of his request for additional time to conduct voir
dire.  

A.              
Standard of Review

We review a trial court’s ruling on the process of jury
selection under an abuse of discretion standard.  Sells v.
State, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003).   A
trial court has broad discretion over the process of selecting a jury and may
impose reasonable limits on voir dire.  Id. 
“The fact that counsel can think of one more proper question should not
transform a reasonable time limit to an unreasonable one.”  Whitaker
v. State, 653 S.W.2d 781, 782 (Tex. Crim. App. 1983).  Instead, to establish that the trial court
abused its discretion, the complaining party must show that (1) he did not
attempt to prolong voir dire, and (2) the questions he sought to ask were not
improper voir dire questions.  See McCarter v. State, 837 S.W.2d 117,
121 (Tex. Crim. App. 1992) (applying two-prong test when defendant was in process
of asking questions to entire panel, not individual members).

B.              
Waiver of Error

As an initial matter, the State argues that appellant
waived any error relating to the voir dire process when appellant twice
affirmatively stated that he had no objection to the seating of the jury.  We agree.

The States points out that, generally, an affirmative
statement of “no objection” waives any error relating to that matter.[2]  See,
e.g., Swain v. State, 181 S.W.3d
359, 368 (Tex. Crim. App. 2005) (holding that appellant waives any error when
he affirmatively states no objection to introduction of exhibits despite
earlier objections); Moraguez v. State,
701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (holding that defendant preserves
objection to introduction of evidence in pre-trial motion to suppress but
waives any error when he affirmatively states no objection to introduction of
same evidence at trial).

Both after he filed his pre-typed motion and after he
presented his offer of proof to the trial court about what questions he would
have asked, the trial court asked if appellant had any objection to the seating
of the jury.  Both times, appellant
affirmatively stated that he had no objections. 
We hold that appellant waived any error to the amount of time he was
given to question the jury by affirmatively stating that he had no objection to
the seating of the jury.

We overrule appellant’s first three points of error.

                                                                                                                        
Ineffective Assistance of Counsel

In his final point of error, appellant asserts that he
received ineffective assistance of counsel because of his attorney’s
“ineffective use of time during voir dire.”

A.              
Standard of Review

Appellant was entitled to reasonably effective assistance
of counsel.  See U.S. Const.
amend. VI; Tex. Const. art. I, §
10.  The right to counsel, however, does
not mean the right to errorless counsel. 
Robertson v. State, 187 S.W.3d
475, 483 (Tex. Crim. App. 2006).  To
prove ineffective assistance of counsel, appellant must show that (1) counsel’s
performance fell below an objective standard of reasonableness, and (2) the
deficient performance prejudiced the appellant. 
Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Deficient performance prejudices the
appellant when “there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.”  Strickland,
466 U.S. at 694, 104 S.Ct. at 2068. 
“Reasonable probability” means a “probability sufficient to undermine
confidence in the outcome.”  Id. 


To prevail, appellant must prove ineffective assistance by
a preponderance of the evidence and must overcome the strong presumption that
counsel’s conduct falls within the wide range of reasonably professional
assistance or might reasonably be considered sound trial strategy.  Robertson,
187 S.W.3d at 482–83.  A failure to make
a showing under either prong defeats a claim for ineffective assistance.  See Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (holding record not
developed for plaintiff to meet his burden on first element).  

As the reviewing court, we consider the totality of the
representation.  Robertson, 187 S.W.3d at 483. 
Isolated instances of errors of commission or omission will not render
counsel’s performance ineffective.  Id. 
We consider the adequacy of assistance as viewed at the time of trial,
not through hindsight.  Id. 


Additionally, we cannot speculate as to the reasons
supporting counsel’s behavior. Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  Allegations of ineffectiveness must be firmly
founded in the record.  Id. at 833 n.13.  Ordinarily, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.  Rylander, 101 S.W.3d at 110–11. 
In the absence of evidence of counsel’s reasons for the challenged
conduct, an appellate court should not find deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in
it.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  

B.              
Counsel’s Performance

The record here does not provide any insight into, and
appellant has failed to produce any evidence of, his trial counsel’s strategy
during voir dire.  The failure to ask
questions appellant’s counsel believed to be important does not mean that counsel’s
conduct was deficient; nor does the lack of such questioning amount to behavior
that is so outrageous, no competent attorney would have engaged in it.  Id. at
392 (holding absent evidence of counsel’s reasoning, an appellate court should
not find deficient performance unless the conduct was so outrageous that no
competent attorney would have engaged in it); see also Jackson v. State, 491 S.W.2d 155, 156 (Tex. Crim. App.
1973) (indicating that voir dire questioning could be dictated by trial
strategy); Williams v. State, 970
S.W.2d 182, 184 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d)
(characterizing decision to forgo some questions during voir dire as sound
trial strategy); Beck v. State, 976
S.W.2d 265, 267 (Tex. App.—Amarillo 1998, pet. ref’d) (stating that to hold
counsel ineffective for not questioning panel of racial bias would improperly
micro-manage trial counsel’s actions).  

 Appellant argues
that implicit in the trial court’s statement that appellant’s trial counsel did
not use his time effectively is a belief that trial counsel’s conduct was “so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment.”  We do not interpret the
trial court’s statement so broadly.

We must review the totality of the representation when
analyzing an ineffective assistance claim. 
Robertson, 187 S.W.3d at
483.  The record establishes that
appellant’s counsel provided reasonable professional assistance.  During voir dire, appellant’s counsel asked
whether the panel members would be swayed by the decisions of other jurors, and
whether anyone was philosophically opposed to gun ownership to an extent that he
or she could not consider a claim of self-defense.  Counsel asked questions to establish bias and
successfully challenged panel members for cause.  At trial, appellant’s counsel cross-examined
the State’s witnesses.  At the end of the
State’s case-in-chief, appellant’s attorneys moved for a directed verdict.  During closing arguments, appellant’s counsel
offered his claims of self-defense and defense of another.  

Appellant has failed to rebut the presumption that his
attorney’s conduct fell within the range of reasonable professional
assistance.  See id.  Because appellant
has failed to rebut this presumption it is not necessary to examine whether,
but for counsel’s actions, the result of his trial would have been
different.  See Rylander, 101 S.W.3d at 111.

We overrule the appellant’s fourth point of error.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court. 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Publish.   Tex. R. App. P. 47.2(b).











[1]           Tex. Penal Code Ann.
§ 19.02 (Vernon 2003). 





[2]           Similar holdings have been reached in unpublished opinions
concerning voir dire when the defendant affirmatively states he has no
objection to the seating of the jury.  See, e.g., Dixon v. State, No. 14-05-00131-CR, 2006 WL 2548175, at *6 (Tex.
App.—Houston [14th Dist.] September 5, 2006, no pet.) (mem. op., not designated
for publication) (holding defendant’s challenges for cause waived when
defendant stated no objection to composition of the jury); Franklin v. State, No. 01-87-00097-CR, 1988 WL 139732, at *2 (Tex.
App.—Houston [1st Dist.] Dec. 22, 1988, no pet.) (not designated for
publication) (same).