Affirmed and Memorandum Opinion filed April 21, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00844-CR

___________________

 

Marcos Flores, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 400th District Court

Fort Bend County,
Texas



Trial Court Cause No. 48,698

 



 

 

MEMORANDUM OPINION

            Appellant
Marcos Flores was convicted of aggravated robbery, and asks us to reverse his
conviction on the ground that he received ineffective assistance of counsel.  Because
appellant has not overcome the presumption that his trial counsel acted
pursuant to a sound trial strategy, we affirm.

I.  Background

            On
August 10, 2007, Mahesh Markanti was robbed as he worked at a cellular
telephone store in Richmond, Texas.  The perpetrator had come to the store
earlier that day and spoken with Ana Alvarez, another store employee, and with
Markanti.  When Alvarez left the store to make a bank deposit, the same man
returned.  After asking Markanti to show him some telephones and accessories,
the man hit Markanti repeatedly in the face, then pointed a gun at him and
demanded money.  Markanti gave him the money from the store’s cash register,
and the man demanded Markanti’s wallet as well.  Markanti complied, and the man
left. 

            Markanti
called the police, and when they arrived, he described the perpetrator as a
Hispanic male, between 5'10" and 6' tall, weighing 200 to 215 pounds, with
no facial hair or visible tattoos.  Police additionally obtained the
perpetrator’s palm print from a counter.  When Alvarez returned to the store,
she also described the man who had been in the store earlier, and told police
that he and his sister had been in the store at different times to pay bills. 
Alvarez remembered only the woman’s first name, but told police that the owner
of the gas station next door knew the man’s name, and a detective accompanied
her to the gas station to ask.  The owner of the gas station gave the police a
name, and with this information, police prepared a photo array of Hispanic
males with similar appearances.  From this array, Alvarez identified appellant
as the customer who had been in the store before the robbery, and Markanti
identified appellant as the perpetrator.  The palm print obtained from the
store also matched a print in appellant’s police file from an earlier arrest.

            The jury
convicted appellant of the charged offense and assessed punishment to include a
$1,000 fine and ten years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  The trial court sentenced appellant in
accordance with the jury’s verdict and credited him for the time he already had
served.  

            In a single
issue, appellant argues that he received ineffective assistance of counsel
because his trial attorney (a) did not inform the jury during voir dire that an
accused has a constitutional right to remain silent, and (b) asked an
investigator when the Fort Bend County Sheriff’s Department made the copy of
appellant’s fingerprints that were later compared to the prints taken from the
scene.  

II.  Standard of Review

            We review claims of ineffective
assistance of counsel under the standard set forth in Strickland v. Washington,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Under the Strickland
test, an appellant must prove that his trial counsel’s representation was
deficient and the deficient performance was so serious that it deprived the
appellant of a fair trial.  Id. at 687, 104 S. Ct. at 2064.  To
establish both prongs, the appellant must prove by a preponderance of the
evidence that counsel’s representation fell below the objective standard of
prevailing professional norms, and there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Id. at 690–94, 104 S. Ct. at 2066–68.  This test is applied
to claims arising under the Texas Constitution as well as those arising under
the United States Constitution. Hernandez v. State, 726 S.W.2d 53, 56-57
(Tex. Crim. App. 1986) (en banc).  An appellant’s failure to satisfy one prong
makes it unnecessary for a court to consider the other prong.  Strickland,
466 U.S. at 697, 104 S. Ct. at 2069.  

            Our review of defense counsel’s
performance is highly deferential, beginning with the strong presumption that
the attorney’s actions were reasonably professional and were motivated by sound
trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994) (en banc).  When the record is silent as to trial counsel’s strategy, we
will not conclude that the appellant received ineffective assistance unless the
challenged conduct was “‘so outrageous that no competent attorney would have
engaged in it.’”  Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)).  Usually, however, the lack of a clear record prevents the appellant
from meeting the first part of the Strickland test because the
reasonableness of counsel’s choices and motivations during trial can be proven deficient
only through facts that do not normally appear in the appellate record.  Mata
v. State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

            A sound
trial strategy may be imperfectly executed, but the right to effective
assistance of counsel does not entitle a defendant to errorless or perfect
counsel.  See Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App.
2006).  “[I]solated instances in the record reflecting errors of omission or
commission do not render counsel’s performance ineffective, nor can ineffective
assistance of counsel be established by isolating one portion of trial counsel’s
performance for examination.”  McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992), overruled on other grounds by Bingham v. State,
915 S.W.2d 9 (Tex. Crim. App. 1994) (en banc).  Moreover, “[i]t is not
sufficient that the appellant show, with the benefit of hindsight, that his
counsel’s actions or omissions during trial were merely of questionable
competence.”  Mata, 226 S.W.3d at 430.  Rather, to establish that the
attorney’s acts or omissions were outside the range of professionally competent
assistance, a defendant must show that counsel’s errors were so serious that he
was not functioning as counsel.  Patrick v. State, 906 S.W.2d 481, 495
(Tex. Crim. App. 1995) (en banc).  

III.  Analysis

A.        Voir Dire

            Appellant
first contends that his trial counsel rendered ineffective assistance because
during voir dire he did not discuss with the jury a defendant’s right to remain
silent.  But see Goodspeed, 187 S.W.3d at 392 (“[W]e cannot conclude
that the failure to ask any questions in voir dire constitutes conduct so
outrageous that no competent attorney would have engaged in it.”).  He admits,
however, that the trial court educated the jury about the right and
specifically asked, “[I]s there any member of the panel here who would go
beyond the desire to hear a defendant testify and require them to testify
before you could fairly judge the case?”  No member of the panel responded.  

            Appellant does
not explain why an attorney with a limited amount of time for voir dire should
be required to discuss the same topics addressed by the trial court, and we
decline to hold that the failure to do so cannot be justified by any legitimate
trial strategy.  See Williams v. State, 970 S.W.2d 182, 184 (Tex.
App.—Houston [14th Dist.] 1998, pet. ref’d) (“In
light of the trial judge’s extensive participation in the voir dire
examination, we cannot characterize the decision of [appellant’s] counsel to
forego further questioning as anything other than trial strategy.”).  

B.        Date of Fingerprinting

            Appellant next argues that his trial
counsel rendered ineffective assistance because he asked crime scene
investigator Deborah Smith when the prints were taken that were compared to the
latent prints left at the crime scene.  Smith responded, “It states they were
taken 9-15-06.”  This date was eleven months before the charged offense
occurred.  Appellant contends that his counsel should not have asked the
question because Smith’s answer alerted the jury that appellant “had prior
unfavorable contact with law enforcement.”

            Because trial counsel’s motivation for
asking this question is not stated on the record, we must assume a strategic
motivation if any possibly can be imagined.  See Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001); see also Ex parte Ellis, 233
S.W.3d 324, 331 (Tex. Crim. App. 2007) (“Although the defensive course chosen
by counsel was risky, and perhaps highly undesirable to most criminal defense
attorneys, we cannot say that no reasonable trial attorney would pursue such a
strategy under the facts of this case.”).  Here, a strategic motivation is not
only imaginable, but is suggested by the appellant’s own arguments.  According
to appellant, his defense at trial was that the complainant misidentified him, because
the complainant described an assailant without facial hair or visible tattoos. 
In support of the theory that appellant had facial hair and a visible tattoo on
the date of the offense, trial counsel relied on material from the record of
appellant’s arrest on September 15, 2006 in a unrelated matter.  Appellant does
not contend that his attorney rendered ineffective assistance by eliciting testimony
from one investigator that appellant was arrested on September 15, 2006, and he
does not explain his position that his attorney behaved outrageously by
eliciting less damaging testimony from a different investigator that appellant
was fingerprinted that day.    

            In sum, appellant has not overcome the
strong presumption that under the circumstances—which include evidence
identifying appellant as the perpetrator by name, description, and a palm print
taken from the scene—his attorney’s conduct might be considered sound trial
strategy.  We therefore overrule appellant’s sole issue on appeal and affirm
the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).