Opinion issued
October 20, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-08-00302-CR

———————————

PABLO LOPEZ, Appellant

V.

The
STATE OF TEXAS, Appellee



 



 

On Appeal from the 177th
District Court 

Harris County, Texas



Trial Court Case No. 1115181

 



 

 




 

MEMORANDUM  OPINION

A
jury convicted appellant, Pablo Lopez, of the first-degree felony offense of
aggravated sexual assault of a child.[1]
 The jury assessed punishment at 50 years
in prison.  

          In
his sole issue, appellant contends that he was denied effective assistance of
counsel at trial because “counsel failed to object to the admission of hearsay
testimony by allowing numerous witnesses to testify about the sexual abuse of
the complainant, and by making errors that helped convict appellant.”  On original submission, we held that
appellant had received ineffective assistance at trial because his trial
counsel had objected neither to the outcry testimony of three witnesses nor to the
opinion testimony of two witnesses indicating that the complainant was credible. [2]  We reversed the judgment of conviction and
remanded the case for a new trial.[3]  The Court of Criminal Appeals granted the
State’s petition for discretionary review, reversed our judgment, and remands
this case to us to “address appellant’s remaining issues.”[4]  The issues that remain are additional grounds
on which appellant claims that he was denied effective assistance of counsel at
trial and his assertion that the State engaged in “prosecutorial
vindictiveness.”  

          We affirm.

Background

          In 2007, appellant was charged with sexually
assaulting his nine-year old step-daughter, B.R.  The indictment alleged that the sexual assault
had occurred in 2001.  The case proceeded
to trial in 2008.  At trial, then 16-year
old B.R. testified that appellant began sexually abusing her when she was five
years old.  B.R. stated that the abuse
continued until she was 12 years old.  At
that time, her mother divorced appellant. 
In 2006, when she was a sophomore in high school, B.R. told a close
friend about the sexual abuse.  The
friend reported it to her aunt, who called Toni Sika, B.R.’s school
counselor.  B.R. spoke to Sika about the
abuse and also to her school mentor, Maria Benavides.  B.R. also was interviewed by Claudia Mullin
of the Harris County Children’s Assessment Center.  Officer M. Parrie, of the Houston Police
Department, viewed B.R.’s videotaped interview but did not speak with her.  Officer Parrie interviewed appellant and,
based in part on the interview, arrested him. 

          At trial, the State offered the
testimony of Toni Sika, Maria Benavides, and Claudia Mullins without objection
from the defense.  Each of these
witnesses presented outcry testimony regarding the sexual abuse underlying the
charged offense.  Claudia Mullin and
Officer Parrie gave testimony indicating that they believed B.R. to be
credible.  

Appellant testified in his own defense.  He stated that he had never been left alone
with B.R. and denied the abuse allegations. 
Appellant claimed that B.R. had fabricated the claims against him.

          The jury found appellant guilty of
aggravated sexual assault of a child and assessed his punishment at 50 years in
prison.  Appellant filed a motion for new
trial asserting that he was denied effective assistance of counsel at
trial.  In his motion, appellant
presented numerous contentions to support his ineffective assistance of counsel
claim.  Of these contentions, the only
one pertinent to this appeal is appellant’s claim that trial counsel “failed to
exercise due diligence in voir dire of sixty five jurors by utilizing only 24
minutes.”  The record shows that, by
agreement of the parties, the trial court determined the motion for new trial
on the affidavits submitted by each side, including the affidavit of
appellant’s trial counsel.  

          The trial court denied appellant’s
motion for new trial.  This appeal
followed.  In his brief, appellant
defines his sole issue as follows: “Appellant was denied effective assistance
of counsel [because] trial counsel failed to object to
the admission of hearsay testimony by allowing numerous witnesses to testify
about the sexual abuse of the complainant, and by making errors that helped
convict appellant.”  

          On original submission, we held that appellant
had received ineffective assistance of counsel for two reasons: (1) trial
counsel failed to utilize the provisions of Code of Criminal Procedure article
38.072 to limit the hearsay testimony elicited through the three outcry witnesses
regarding the details of the charged offense, and (2) trial counsel did not
object to the opinion testimony given by two witnesses indicating that B.R. was
credible.[5]
 In reversing our judgment, the Court of
Criminal Appeals held that, because the record was silent regarding why counsel
had not objected to the outcry or opinion testimony, we had erred in concluding
that appellant had met his burden to show his trial counsel was ineffective. [6]  The Court of Criminal Appeals remands this
case to us to determine the issues raised by appellant that were not addressed
on original submission.

          On remand, we
construe the remaining sub-points raised by appellant in support of his ineffective
assistance of counsel claim to be appellant’s assertions that (1) trial counsel
did not conduct a proper voir dire during jury selection, (2) counsel failed to
request a hearing pursuant to article 38.072 of the Code of Criminal Procedure,
(3) counsel permitted testimony during the punishment phase regarding an unadjudicated
extraneous offense involving the sexual abuse of another child; and (4) counsel
did not file appellant’s sworn application for community supervision before
trial.  Appellant also asserts that he is
entitled to an acquittal because the State engaged in “prosecutorial
vindictiveness.”  

Ineffective Assistance of Counsel

A.      Applicable Legal Principles

The Sixth Amendment to the
United States Constitution guarantees the right to reasonably effective
assistance of counsel in criminal prosecutions.  See U.S. Const. amend. VI.  To show ineffective assistance of counsel, a
defendant must demonstrate both (1) that his counsel’s performance fell below
an objective standard of reasonableness and (2) that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Strickland v. Washington, 466 U.S. 668,
687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  A failure to make a showing under either prong
defeats a claim of ineffective assistance of counsel.  Rylander
v. State, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

An appellant bears the
burden of proving by a preponderance of the evidence that his counsel was
ineffective.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Id. at 814.  We presume that a counsel’s conduct falls
within the wide range of reasonable professional assistance, and we will find a
counsel’s performance deficient only if the conduct is so outrageous that no
competent attorney would have engaged in it.  Andrews,
159 S.W.3d at 101.

B.      Analysis

          1.       Voir Dire

          

Appellant complains of his trial counsel’s conduct
during voir dire.  In this regard,
appellant writes: 

At the outset of Appellant’s voir dire, trial counsel asserted
that he did not know if he could be impartial and unbiased in this type of case
because he has a five year old daughter. 
Trial counsel failed to voir dire the jury on the punishment issue.  He asked one improper question about
probation and terminated his voir dire. 
His voir dire lasted twenty four minutes.

          As mentioned, appellant’s trial counsel offered his affidavit
in response to appellant’s motion for new trial.  Regarding voir dire, trial counsel attested,
“I covered those issues that I thought were necessary to the strategy of my
case.  The Judge and the State had each conducted
lengthy examination of the jurors and covered many topics that I wished to
cover.  I thought it would be redundant
to cover them again.”  Indeed, the record
reflects that the trial judge informed the venire of the punishment range for
the charged offense and questioned the venire regarding punishment.  See
Williams v. State, 970 S.W.2d 182, 184 (Tex. App.—Houston [14th Dist.] 1998,
pet. ref’d) (“In light of the trial judge’s extensive participation in the voir
dire examination, we cannot characterize the decision of [appellant’s] counsel
to forego further questioning as anything other than trial strategy.”).  In light of the record, trial counsel’s
explanation provides a plausible reason regarding why he did not ask certain
questions or question the venire for a longer time period.  See Goodspeed,
187 S.W.3d at 391–93 (stating that counsel’s failure to ask any voir
dire questions, including inquiries concerning consideration of full range of
punishment or probation, could have been legitimate trial strategy based on
counsel’s comments to jury panel that State had fully addressed his concerns); Jackson v. State, 491 S.W.2d 155, 156
(Tex. Crim. App. 1973) (indicating that length of voir dire questioning could
be dictated by trial strategy).  

In addition, trial counsel’s statement to the venire
that he did not know if he could be impartial because he had a five-year-old
daughter could have been trial strategy to build a rapport with the jury
panel.  In any event, the record is
silent with regard to why counsel made this statement.  Thus, we will not speculate why counsel made
this statement to the venire.  See Lopez v. State, 343 S.W.3d 137, 143–144 (Tex. Crim. App. 2011); see also Ortiz v. State, 93 S.W.3d 79,
88–89 (Tex. Crim. App. 2002) (“If counsel’s reasons for his conduct do not
appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel’s decisions
and deny relief on an ineffective assistance claim on direct appeal.”).

          Appellant has not met his burden to show that his trial
counsel’s performance fell below an objective standard of reasonableness with
regard to how he conducted voir dire.  See Strickland, 466 U.S. at 687–88, 694,
104 S. Ct. at 2064.  Appellant has not
satisfied the first Strickland prong.  See id.

          2.       Article 38.072 Hearing

          Appellant also contends that his attorney rendered deficient
performance because he did not request an article 38.072 hearing in order to
limit the number of outcry witnesses.  See Tex.
Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2010).  Article
38.072 provides that, in some circumstances, an out-of-court statement describing
the alleged offense that is made by a sexual assault complainant who is under
the age of 14 years, is not inadmissible based on the hearsay rule if, among
other conditions, the “trial court finds, in a hearing conducted outside the
presence of the jury, that the statement is reliable based on the time, content,
and circumstances of the statement.”  Id. art. 38.072, §§ 1(1), 2(a)(1),
(b)(2).  

          Appellant’s contention regarding
counsel’s failure to request an article 38.072 hearing is intertwined with his
claim that we reviewed on original submission concerning the lack of objection
to the testimony of the three outcry witnesses.  As with that claim, the record is silent
regarding why counsel did not request a hearing.  Therefore, as explained by the Court of
Criminal Appeals with regard to that claim, appellant has failed to meet his
burden under the first prong of Strickland.  See
Lopez, 343 S.W.3d at 144.  

          3.       Unadjudicated Extraneous Offense

          Appellant also intimates that his counsel was ineffective
during the punishment phase for allowing testimony without objection regarding
appellant’s 1988 arrest and indictment for the offense of indecency with a
child.[7]  The evidence showed that the charge was later
dismissed.  Appellant points out that the
victim could not identify appellant as her abuser.  Rather, the State offered the testimony of
the investigating police officer to show how appellant was identified as the
offender in that case.  Appellant
complains that his trial counsel should have lodged a hearsay objection to this
testimony.  

The Court of Criminal Appeals has concluded that if a
statement is introduced to explain how a defendant became a suspect or how the
investigation focused on a defendant, then the statement is not hearsay because
it is not offered for the truth of the matter asserted.  See
Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); see also Thornton v. State, 994 S.W.2d
845, 854 (Tex. App.—Fort Worth 1999, pet. ref’d) (“An officer’s testimony
is not hearsay when it is admitted, not for the truth, but to establish the
course of events and circumstances leading to the arrest.”).  Appellant does not argue that this precept
does not apply to the officer’s testimony in this case.  

Moreover, the record is silent as to why trial counsel
did not object to the officer’s testimony regarding how appellant was
identified as the perpetrator with regard to the 1988 offense.  Again, appellant has not shown through the
record that counsel’s conduct was not the product of a strategic decision, and
we cannot conclude that counsel’s performance in this regard was so outrageous
that no competent counsel would have engaged in it.  See
Lopez, 343 S.W.3d at 143–44.

4.       Community Supervision Application

          Finally, appellant contends, “In
another example of ineffective assistance, trial counsel has to reopen the
evidence because he FAILED to file a sworn application by Appellant for
community supervision before trial commenced. 
Had the prosecutor not agreed to stipulate, Appellant would have been
shut out from consideration for probation.” 


Appellant’s statement shows that community supervision
was a possible punishment in this case.  Nothing
in the record indicates that any deficient performance by trial counsel in
failing to file the sworn application in a more timely manner resulted in any
prejudice to appellant with regard to punishment.  Thus, appellant has not met his burden of
proof with regard to the second Strickland
prong to show that the outcome of the proceeding would have been different.  See
Lopez, 343 S.W.3d at 142 (“Unless appellant can prove both prongs, an
appellate court must not find counsel’s representation to be ineffective.”).

After reviewing the totality of trial counsel’s
representation and employing the strong presumption that counsel’s conduct
might reasonably be considered sound trial strategy, as we must, we conclude
that appellant has not met his burden under Strickland
to show that his counsel was ineffective. 
We overrule the sub-points offered by appellant to support his
ineffective assistance of counsel point of error that were not addressed on
original submission.  

Prosecutorial Vindictiveness 

Appellant concludes his brief by asserting that he is
entitled to acquittal under the double jeopardy clauses of the state and
federal constitutions because the prosecutor “used every ounce of inadmissible
evidence in convicting Appellant” and took advantage of an inexperienced
defense attorney.  In advancing this
argument, appellant offers no cogent argument, no record citations, and no
legal authority beyond citing the bare constitutional provisions.  Accordingly, this argument is inadequately
briefed, and appellant has presented nothing for review.  See Tex. R. App. P. 38.1(i); Busby v. State, 253 S.W.3d 661, 673
(Tex. Crim. App. 2008).  Appellant’s
prosecutorial vindictiveness contention
is overruled. 

Conclusion

          We affirm the judgment of the trial
court. 

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices
Keyes, Higley, and Massengale.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Act of May 15, 2001, 77th Leg., R.S., ch. 460, § 5, 2001 Tex. Gen. Laws 893, 898, amended by Act
of May 28, 2003, 78th Leg., R.S., 2003 Tex.
Gen. Laws 1805, 1806 (current version at Tex. Penal Code Ann. §
22.021(a)(1)(B)(i), (a)(2)(B) (Vernon 2011)). 
The 2003 amendments apply only to an offense that was committed on or
after September 1, 2003, the effective date of the amendments.  Here, the offense at issue was committed on
or about July 1, 2001.  Accordingly, the
former version of section 22.021 applies to this case.

 





[2]           Lopez
v. State, 315 S.W.3d 90, 102 (Tex. App.—Houston [1st Dist.] 2010, pet.
granted).

 





[3]           Id.

 





[4]           Lopez
v. State, 343 S.W.3d 137, 143–44
(Tex. Crim. App. 2011).





[5]           Lopez,
315 S.W.3d at 93.

 





[6]           Id.
at 144.





[7]           Unadjudicated
extraneous offenses are admissible during punishment if the State proves them
beyond a reasonable doubt.  Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a); see Mitchell v. State, 931
S.W.2d 950, 954 (Tex. Crim. App. 1996).