Warren HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–09–00611–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 2010.

Rehearing and En Banc Reconsideration
Overruled Jan. 20, 2011.

Nicole DeBorde, Houston, TX, for Appellant.

Alan Curry, Chief prosecutor, Appellate Division, Harris County District Attorney's, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Warren Harrison, was charged by indictment with the felony offense of murder.[1] Appellant pleaded not guilty. A jury convicted appellant and assessed punishment at 25 years' confinement. Appellant brought this appeal. In four points of error, appellant challenges the trial court's denial of his request for additional time to conduct voir dire and asserts that he received ineffective assistance of counsel because of his attorney's "ineffective use of time during voir dire."

We affirm.

### Background

On November 2, 2006, appellant, his girlfriend, and Nicole Williams went to Tianna Rivers's apartment to confront her about money Williams believed Tianna had stolen. Tianna met the group outside her apartment carrying a can of mace and a kitchen knife. Upon hearing the disturbance, Tianna's mother, Laurie Rivers, came outside and told the group to leave.

When appellant approached Tianna, she pulled out the kitchen knife. Laurie told Tianna, "Go get my pistol." Appellant pulled out a gun and tried to shoot, but the gun's safety device prevented it from firing. Williams attempted to pull down appellant's arm and told him not to shoot, but he pulled his arm away. Appellant disengaged the safety and began shooting at Tianna and Laurie. He shot Tianna in the leg before pursuing Laurie and shooting her in the chest. Laurie died from the gunshot wound.

At trial, appellant began voir dire by asking if any of the panel members had conflicts that would prevent them from devoting the time necessary to jury service. Appellant educated the panel on the process of voir dire and the strike system. He asked panel members individually about prior jury service, asking each person how long ago they had served, what type of case it was, whether that jury had reached a decision, whether that jury had been called upon to assess punishment, and finally whether anything about their prior service on a jury would influence or impact the individual's ability to be fair and impartial.

Appellant also asked which of the panel members knew of "the Joe Horn case" and asked, based upon what they had heard about that case, whether they agreed with the grand jury's decision not to indict Horn. He asked if anyone disagreed that

---

1. TEX. PENAL CODE ANN. § 19.02 (Vernon 2003).

the law, in certain circumstances, allows persons to defend themselves, and he read the law of self-defense to the panel. In his last question to the panel, appellant asked if anyone was philosophically opposed to gun ownership.

When the trial court informed appellant that his time for questioning had expired, appellant stated that he wanted to file a formal pre-typed motion requesting additional time to ask questions included in the motion. The trial court informed appellant that he had already been given 44 minutes, 14 minutes more than originally allotted. Appellant then offered the motion for additional time, which listed the questions he was unable to ask and began to recite additional questions beyond those listed in the pre-typed motion. The trial court instructed him to "write those down and then just have it offered." Appellant replied, "As long as I can make a bill later with the rest of the questions, that's fine."

Following the striking procedure, the trial court asked whether either side had any objection to the seating of the jury. Both the prosecution and defense stated "none." The jury was sworn in by the clerk of the court.

Outside the presence of the jury, the trial court asked appellant if there was anything he would like to put on the record. Appellant recited the questions he asserted he would have asked had he been given more time. The trial court reiterated that appellant had already been given 14 additional minutes and that it did not believe he had used his time effectively. The trial court stated its reasons why it felt that appellant had sufficient time for voir dire, but it never formally ruled on appellant's counsel's objections. Before the indictment was presented, the trial court asked a second time if there was any

objection to the seating of the jury. Appellant responded, "None from the defense."

## Motion for Additional Time to Conduct Voir Dire

In his first three points of error, appellant challenges the trial court's refusal of his request for additional time to conduct voir dire.

### A. Standard of Review

■ We review a trial court's ruling on the process of jury selection under an abuse of discretion standard. *Sells v. State*, 121 S.W.3d 748, 755 (Tex.Crim.App. 2003). A trial court has broad discretion over the process of selecting a jury and may impose reasonable limits on voir dire. *Id.* "The fact that counsel can think of one more proper question should not transform a reasonable time limit to an unreasonable one." *Whitaker v. State*, 653 S.W.2d 781, 782 (Tex.Crim.App.1983). Instead, to establish that the trial court abused its discretion, the complaining party must show that (1) he did not attempt to prolong voir dire, and (2) the questions he sought to ask were not improper voir dire questions. *See McCarter v. State*, 837 S.W.2d 117, 121 (Tex.Crim.App.1992) (applying two-prong test when defendant was in process of asking questions to entire panel, not individual members).

### B. Waiver of Error

■ As an initial matter, the State argues that appellant waived any error relating to the voir dire process when appellant twice affirmatively stated that he had no objection to the seating of the jury. We agree.

The States points out that, generally, an affirmative statement of "no objection" waives any error relating to that matter.[2]

---

**2.** Similar holdings have been reached in unpublished opinions concerning voir dire when

the defendant affirmatively states he has no objection to the seating of the jury. *See, e.g.,*

*See, e.g., Swain v. State,* 181 S.W.3d 359, 368 (Tex.Crim.App.2005) (holding that appellant waives any error when he affirmatively states no objection to introduction of exhibits despite earlier objections); *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex. Crim.App.1986) (holding that defendant preserves objection to introduction of evidence in pre-trial motion to suppress but waives any error when he affirmatively states no objection to introduction of same evidence at trial).

Both after he filed his pre-typed motion and after he presented his offer of proof to the trial court about what questions he would have asked, the trial court asked if appellant had any objection to the seating of the jury. Both times, appellant affirmatively stated that he had no objections. We hold that appellant waived any error to the amount of time he was given to question the jury by affirmatively stating that he had no objection to the seating of the jury.

We overrule appellant's first three points of error.

### Ineffective Assistance of Counsel

In his final point of error, appellant asserts that he received ineffective assistance of counsel because of his attorney's "ineffective use of time during voir dire."

### A. Standard of Review

Appellant was entitled to reasonably effective assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The right to counsel, however, does not mean the right to errorless counsel. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex.Crim.App.2006). To prove ineffective assistance of counsel, appellant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the appellant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). Deficient performance prejudices the appellant when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Id.*

■ To prevail, appellant must prove ineffective assistance by a preponderance of the evidence and must overcome the strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance or might reasonably be considered sound trial strategy. *Robertson,* 187 S.W.3d at 482–83. A failure to make a showing under either prong defeats a claim for ineffective assistance. *See Rylander v. State,* 101 S.W.3d 107, 111 (Tex.Crim.App.2003) (holding record not developed for plaintiff to meet his burden on first element).

■ As the reviewing court, we consider the totality of the representation. *Robertson,* 187 S.W.3d at 483. Isolated instances of errors of commission or omission will not render counsel's performance ineffective. *Id.* We consider the adequacy of assistance as viewed at the time of trial, not through hindsight. *Id.*

■ Additionally, we cannot speculate as to the reasons supporting counsel's be-

*Dixon v. State,* No. 14–05–00131–CR, 2006 WL 2548175, at *6 (Tex.App.-Houston [14th Dist.] September 5, 2006, no pet.) (mem. op., not designated for publication) (holding defendant's challenges for cause waived when defendant stated no objection to composition of the jury; *Franklin v. State,* No. 01–87–00097–CR, 1988 WL 139732, at *2 (Tex.App.-Houston [1st Dist.] Dec. 22, 1988, no pet.) (not designated for publication) (same).

havior. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App.2002). Allegations of ineffectiveness must be firmly founded in the record. *Id.* at 833 n. 13. Ordinarily, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander*, 101 S.W.3d at 110–11. In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court should not find deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App.2005).

**B.  Counsel's Performance**

The record here does not provide any insight into, and appellant has failed to produce any evidence of, his trial counsel's strategy during voir dire. The failure to ask questions appellant's counsel believed to be important does not mean that counsel's conduct was deficient; nor does the lack of such questioning amount to behavior that is so outrageous, no competent attorney would have engaged in it. *Id.* at 392 (holding absent evidence of counsel's reasoning, an appellate court should not find deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it); *see also Jackson v. State*, 491 S.W.2d 155, 156 (Tex.Crim.App.1973) (indicating that voir dire questioning could be dictated by trial strategy); *Williams v. State*, 970 S.W.2d 182, 184 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd) (characterizing decision to forgo some questions during voir dire as sound trial strategy); *Beck v. State*, 976 S.W.2d 265, 267 (Tex.App.-Amarillo 1998, pet. ref'd) (stating that to hold counsel ineffective for not questioning panel of racial bias would improperly micro-manage trial counsel's actions).

Appellant argues that implicit in the trial court's statement that appellant's trial counsel did not use his time effectively is a belief that trial counsel's conduct was "so deficient that he was not functioning as acceptable counsel under the Sixth Amendment." We do not interpret the trial court's statement so broadly.

We must review the totality of the representation when analyzing an ineffective assistance claim. *Robertson*, 187 S.W.3d at 483. The record establishes that appellant's counsel provided reasonable professional assistance. During voir dire, appellant's counsel asked whether the panel members would be swayed by the decisions of other jurors, and whether anyone was philosophically opposed to gun ownership to an extent that he or she could not consider a claim of self-defense. Counsel asked questions to establish bias and successfully challenged panel members for cause. At trial, appellant's counsel cross-examined the State's witnesses. At the end of the State's case-in-chief, appellant's attorneys moved for a directed verdict. During closing arguments, appellant's counsel offered his claims of self-defense and defense of another.

Appellant has failed to rebut the presumption that his attorney's conduct fell within the range of reasonable professional assistance. *See id.* Because appellant has failed to rebut this presumption it is not necessary to examine whether, but for counsel's actions, the result of his trial would have been different. *See Rylander*, 101 S.W.3d at 111.

We overrule the appellant's fourth point of error.

**Conclusion**

We affirm the judgment of the trial court.