Opinion issued October
20, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00731-CR

———————————

Thomas Brian Orezine,
Appellant

V.

THE State of Texas,
Appellee



 



 

On Appeal from the
176th District Court

Harris County, Texas



Trial Court Case No.
1260947



 

MEMORANDUM
OPINION

          Convicted
by a jury of the felony offense of possession of a controlled substance[1] and
assessed punishment at four years’ confinement, appellant, Thomas Brian Orezine
asserts in his sole point of error that his counsel’s failure to ask more
questions during voir dire was ineffective assistance of counsel.  We affirm.

Background

          While on patrol,
Officers Turrentine and Duran of the Houston Police Department were preparing
to stop a truck being driven by Walter Pettis for expired registration when the
truck stopped in front of a known crack house. 
Pulling up behind the truck, the officers exited their patrol car just as
Orezine was getting out of the passenger side of the truck.  Seeing the officers, Orezine rapidly got back
into the parked truck.  Officer Duron
testified that as walked up to the truck, he saw Orezine attempting to put a
crack pipe in his pocket.

          Officer
Turrentine removed Pettis from the truck, and Duron removed Orezine from the
truck and searched him.  Officer Duron
found a small rock-like substance in Orezine’s pocket that field-tested
positive as cocaine.  After issuing him a
traffic citation, the officers released Pettis and drove Orezine across the
street to complete their paperwork and finish searching him.  Office Duron then found the crack pipe that
he believed he had seen earlier.  

          At
trial, Orezine’s counsel began voir dire by re-emphasizing the standard to be
used by jurors: that the defendant’s guilt must be established beyond a
reasonable doubt and asking the venire members if any found that standard
personally problematic.  Second, she
asked the prospective jurors about their ability to judge the credibility of
witnesses and ability to determine guilt based on police officer
testimony.  Finally, she asked about
their ability to assess a maximum penalty of twenty years.

          Following
voir dire and the exercise of the litigants’ respective strikes, the court inquired
whether there were any objections to the seating of the jury.  The reply from both counsels was “none,” and the
jury was then sworn and seated.

          Officers
Turrentine and Duran testified for the State.  State’s Exhibits 1 and 2, the ‘rock’ and the
crack pipe obtained from Orezine, were admitted without objection.  Brittany Smith, a criminalist with the
Houston Police Department, testified that the State’s Exhibit 2, contained 0.2
grams of crack cocaine.  Testifying on
his own behalf, Orezine said that he had never had a problem with drugs and the
drugs and pipe were not his and that the police were using him in their
attempts to detain Pettis, with whom the police had several prior encounters.

The jury found Orezine
guilty of felony possession of a controlled substance.  While the State asked for the maximum penalty
of twenty years, the jury assessed his punishment at four years’ confinement.  Orezine timely filed his notice of appeal.

In his sole point of
error, Orezine contends that his trial counsel’s failure to ask questions of
consequence to venire members violated his right to effective assistance of
counsel. 

Standard
of Review

          A
defendant’s right to reasonably effective assistance of counsel does not mean
errorless counsel.  Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); cf. U.S.
Const. amend. VI; Tex. Const.
art. I, § 10.  Finding that there was ineffective
assistance of counsel requires that (1) counsel’s performance fell below an
objective standard of reasonableness and (2) the deficient performance
prejudiced the result.  Strickland v. Wash., 466 U.S. 668, 687,
104 S. Ct. 2052, 2064 (1984).  There also
need be “a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different.”  Id. at
694, 104 S. Ct. at 2068.  “Reasonable
probability” means that it is sufficient to undermine confidence in the
outcome.  Id.; see also Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  Failure to make a
showing of either prong of the Strickland
standard defeats a defendant’s ineffectiveness claim.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

          The
Strickland standard is also highly
deferential.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2053.  There is a strong presumption that counsel’s
conduct falls within a wide range of reasonable assistance or that counsel’s
behavior was sound trial strategy.  Robertson, 187 S.W.3d at 482 (citing Strickland,
466 U.S. at 689, 104 S. Ct. at 2065).  To
prevail, an appellant must show his counsel was ineffective by a preponderance
of the evidence.  Robertson, 187 S.W.3d at
483.

          Our
examination of trial counsel’s performance is based on “the totality of the
representation.”  Id.  To do so, we examine the
trial record from counsel’s perspective at the time of trial, and every effort
must be made to eliminate the distorting effects of hindsight.  Id.
(citing Strickland, 466 U.S. at 689,
104 S. Ct. at 2065).  We cannot speculate
as to reasons supporting counsel’s behavior, and allegations of ineffectiveness
must be firmly founded in the record.  Harrison v. State, 333 S.W.3d 810, 813
(Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (citing Bone, 77 S.W.3d at 835).  Absent
such reasons in the record for counsel’s challenged conduct, an appellate court
should not find deficient performance unless the conduct was so outrageous that
no competent attorney would have engaged in it. 
Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).  While
appellate courts should be hesitant to conclude that counsel provided
ineffective assistance based on one error, “it is possible that a single
egregious error of omission or commission by appellant’s counsel constitutes
ineffective assistance.”  Thompson, 9 S.W.3d at 813.  

 

 

Counsel’s
Performance

          The record below
yields no insight as to counsel’s voir dire strategy.  Failure to pose certain questions during voir
dire does not necessarily mark counsel as ineffective.  See
Harrison, 333 S.W.3d at 814 (“The failure to ask questions appellant’s
counsel believed to be important does not mean that counsel’s conduct was
deficient; nor does the lack of such questioning amount to behavior that is so
outrageous, no competent attorney would have 
engaged in it.”) (internal citations omitted); see also Jackson v. State,
491 S.W.2d 155, 156 (Tex. Crim. App. 1973) (“The length of the voir dire
examination could have very well been dictated by trial strategy. . . . We find
no merit in the complaint that counsel was ineffective . . . .”); Goodspeed, 187 S.W.3d at 392 (“We cannot conclude that the failure to ask any
questions in voir dire constitutes conduct so outrageous that no competent
attorney would have engaged in it.”).

          Our
review of the record with an eye towards the totality of the representation
does not suggest that Orezine’s counsel was ineffective.  Counsel’s voir dire included a question about
the reasonable doubt standard, police officer testimony and credibility, and
assessment of a maximum punishment.  The
legal concepts about which Orezine’s brief now sets out as those from which
voir dire questions should have been formulated and asked (i.e., presumption of
innocence, proof of guilt beyond a reasonable doubt, the indictment as evidence
of guilt, and credibility of a criminal defendant) had been addressed generally
by the trial judge.  Trial counsel
successfully struck venire members for cause, cross-examined State’s witnesses
and, in closing arguments, challenged the credibility of the State’s witnesses.
 Finally, 
trial counsel’s presentation of the 
case was at least sufficiently successful to have engendered in the jury
a modicum of mercy when it rejected the State’s request for the full twenty-year
prison term and sentenced Orezine to four.

          Applying
the strong presumptions and other measurements of the Strickland standard, we can only conclude that Orezine has failed
to show by a preponderance of the evidence that his counsel’s conduct fell
below an objective standard of reasonableness. 


Conclusion

We affirm the judgment of the trial
court.

                                                          

 

 

Jim Sharp

                                                          Justice

 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(c) 

 











[1]           Specifically, Orezine was convicted of
possessing less than one gram of cocaine, a Penalty 1 Group controlled
substance.  See Tex. Health & Safety
Code Ann § 481.102(3)(D) (West 2010) (identifying cocaine as
Penalty 1 Group controlled substance); Tex.
Health & Safety Code Ann. § 481.115(a), (b) (West 2010)   (identifying possession of less than one
gram of Penalty Group I substance as state-jail felony).