**AFFIRMED; Opinion Filed March 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00551-CR

### KEITH BRONSHA PAUL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F10-42449-Y**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Following a plea of not guilty, appellant Keith Bronsha Paul was convicted by a jury of aggravated robbery with a dangerous weapon. Punishment was assessed at thirty years' confinement.

Appellant asserts two issues on appeal. Specifically, appellant contends the trial court erred by (1) precluding appellant from questioning the venire regarding the enhanced range of punishment and (2) commenting on the weight of the evidence in the court's response to the jury's note.

For the reasons stated below, we affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The testimony at trial shows that on December 15, 2010, Ashleigh Price ("Price") went shopping with her sister-in-law, Christina Boykins ("Boykins"), and Boykins's daughter. After

they drove back to Boykins's apartment complex, Price got out of the passenger seat and was approached by a man, who she later identified as appellant. Appellant asked Price where a particular apartment was located within the complex. As Price responded, appellant reached into his trousers and pulled out a gun. He pointed the gun at Price's face and told her, "Give me your bag." Price complied.

Appellant then walked around the car to Boykins and her daughter. At this point, Boykins had taken her daughter from the vehicle and had placed her in a carrier on the ground between Boykins and appellant. Boykins also handed appellant her bag. Appellant told both women, "Don't call the police," and then fled on foot, through a hole in a damaged fence nearby.

Shortly thereafter, Price and Boykins flagged down Mesquite Police Officer Peter Velasquez, who was patrolling the area, and told him they had just been robbed. Price described the assailant to the officer and stated the direction in which he had fled.

After leaving the scene and driving in the direction Price had described, Officer Velasquez observed a vehicle driving away from the complex at a very high rate of speed. He then pulled his vehicle behind the speeder, turned on his overhead lights, and initiated a traffic stop. The speeding vehicle turned into an apartment complex and stopped. The driver jumped out of that vehicle and fled on foot.

Officer Velasquez drove slowly past the vehicle he had pursued to verify that there was no one else inside. He then followed the suspect, first in his car and then on foot, over a highway and into a heavily wooded area. Velasquez followed the suspect for some time, but stopped his pursuit when he reached the wooded area to wait for backup. Shortly thereafter, more officers arrived at the scene, and the suspect was captured. Velasquez identified the suspect in open court as appellant.

In the vehicle appellant had abandoned, officers recovered appellant's identification card, Price's purse and identification card, and Boykins's purse and identification card. After appellant's arrest, Price identified appellant from a blind, sequential six-photo lineup.

## II. ERROR IN QUESTIONING THE VENIRE ON ENHANCED RANGE OF PUNISHMENT

### A. Standard of Review

The trial court enjoys "broad discretion over the process of selecting a jury." *Fuller v. State*, 363 S.W.3d 583, 585 (Tex. Crim. App. 2012) (quoting *Sells v. State*, 121 S.W.3d 748, 755-56 (Tex. Crim. App. 2003) (en banc)). Consequently, the reviewing court leaves to the trial court's discretion the propriety of a particular question and will not disturb the trial court's decision absent an abuse of discretion. *Id.* An abuse of discretion is found where the trial court "prohibits a proper question about a proper area of inquiry." *Id.* "A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Id.*

### B. Applicable Law

To determine whether the trial court abused its discretion in prohibiting a voir dire question, the reviewing court must decide "'if the appellant proffered a proper question' - one which is both 'appropriately phrased and relevant.'" *Dewalt v. State*, 307 S.W.3d 437, 457 (Tex. App.—Austin 2010, pet. ref'd) (quoting *Caldwell v. State*, 818 S.W.2d 790, 793-94 (Tex. Crim. App. 1991)). "If an appellant does not actually frame a question to the trial court, nothing is preserved for review." *Id.* Likewise, error is not preserved where an appellant merely informs the trial court of the general subject area from which he seeks to propound questions. *Id.* (citing *Sells*, 121 S.W.3d at 756). Consequently, to preserve error, an appellant "must show that he was prevented from asking *particular* questions that were proper." *Sells*, 121 S.W.3d at 756 (emphasis in original). "That the trial court generally disapproved of an area of inquiry from

which proper questions could have been formulated is not enough because the trial court might have allowed the proper question had it been submitted for the court's consideration." *Id.* (citing TEX. R. APP. P. 33.1(a)(1)(A)).

Appellant waives "any error relating to the voir dire process" when he affirmatively states he has no objection to the jury as seated. *Harrison v. State*, 333 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). For instance, where a trial court asked appellant twice - once after he filed a pre-typed motion and once after he presented his offer of proof to the trial court about what questions he would have asked - but the appellant affirmatively stated twice that he had no objections to the seating of the jury, appellant was held to have waived any error relating to the voir dire process. *Id.* at 812-13.

## C. Application of the Law to the Facts

In the case before us, appellant was charged by indictment with aggravated robbery with a deadly weapon, a felony punishable by confinement for life or for a term of between five and ninety-nine years. The indictment also included an enhancement paragraph alleging a prior felony conviction. Were the enhancement paragraph proven true, the applicable punishment range would be increased from five to ninety-nine years to fifteen to ninety-nine years.

Appellant complains the trial court prevented him from questioning the venire about this enhanced range of punishment. Specifically, appellant contends, since he was "unable to determine if the venire had any concerns or prejudice as to whether 15 years was too much or not enough time, as the case may have been," he was "denied the opportunity to intelligently exercise his jury challenges." The State responds, *inter alia*, that appellant failed to preserve his voir dire complaint for review for two reasons. First, the State contends appellant did not articulate for the record what questions he was prevented from asking the venire regarding the enhanced punishment range. Also, appellant did not object to the jury as seated.

–4–

The record reflects a bench conference occurred during the defense's portion of the voir dire. Appellant requested permission to voir dire the panel on the enhanced punishment range, but the trial court denied that request. However, appellant's counsel did not state for the record any particular questions he intended to ask the panel. Additionally, after his request for permission to question was denied, appellant affirmatively stated he had no objection to the jury as it was seated.

We agree with the State that appellant has not preserved his voir dire complaint for review. Nothing in the record shows what *particular* questions appellant was prevented from asking. *See Sells*, 121 S.W.3d at 756. The trial court generally disapproved of questioning about the enhanced punishment range. This is a subject regarding which proper questions could have been formulated. However, appellant's request alone is not enough to preserve error. *See id.* Moreover, appellant waived any objections to the voir dire process by stating on the record that he had "no objections" to the jury as seated. *See Harrison*, 333 S.W.3d at 812-13; *see also Wright v. State*, No. 05-10-00186-CR, 2012 WL 3104381, at *2 (Tex. App.—Dallas July 11, 2012, no pet.) (mem. op., not designated for publication) (concluding appellant failed to preserve error by affirmatively stating "no objection" when the trial court asked if either side had any objections to seating the jury).

We conclude appellant has failed to preserve his voir dire complaint for review. Consequently, we decide against appellant on his first issue.

### III. COMMENT ON THE WEIGHT OF EVIDENCE

In his second issue, appellant contends the trial court erred by commenting on the weight of the evidence in its response to a note from the jury.

*A. Applicable Law and Standard of Review*

"[A]s a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a specific and timely, request, objection, or motion." *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that…the complaint was made to the trial court by a timely request, objection, or motion that…stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."). Generally, a complaint is "adequately specific" if the appellant lets the trial court know what he wants and why he is entitled to it. *Id.* (citing *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

In a criminal trial, "if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other." TEX. CODE CRIM. PROC. ANN. art. 36.28. "The jury must disagree about a specified part of testimony before the statement of a witness may be read to them." *Moore v. State*, 874 S.W.2d 671, 673 (Tex. Crim. App. 1994). The statute does not require that the jury use any particular words to express its disagreement. *Howell v. State*, 175 S.W.3d 786, 793 (Tex. Crim. App. 2005).

"This disagreement must be made known to the trial judge by the jury so that it is proper to read the testimony and so that the judge will know what testimony is in dispute. That is how a trial court determines a request is proper." *Moore*, 874 S.W.2d at 673. If the request is proper, the trial court must then "interpret the communication, decide which sections of the testimony will best answer the inquiry, and then limit the rereading accordingly." *Render v. State*, 316

S.W.3d 846, 854 (Tex. App.—Dallas 2010, pet. ref'd), *cert. denied*, 131 S.Ct. 1533 (2011) (citing *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994)).

Additionally, "the general rule that prohibits the court from singling out a particular piece of evidence in its instructions to the jury given prior to jury deliberations does not necessarily apply when the court merely responds to the jury's question concerning a subject identified by the jury alone." *Lucio v. State*, 353 S.W.3d 873, 877 (Tex. Crim. App. 2011). For example, in *Lucio*, during sentencing deliberations, the jury sent two notes to the trial court, the last of which read, "Does the law prevent a family member from speaking during the sentencing phase, for the defendant?" *Id.* at 874. Over defense counsel's objection, the trial court submitted the following instruction to the jury:

> The law does not prohibit a family member from testifying on behalf of a defendant so long as the witness has relevant evidence related to an issue in the case. You have heard all of the witnesses who have been called to testify. Please continue your deliberations.

*Id.* at 874. The Court of Criminal Appeals concluded that nothing in the trial court's answer focused the jury on that subject of dispute. *Id.* at 877. "Rather, the jury alone focused on that fact, which prompted its note to the trial court" in that case. *Id.* Thus, the trial court's answer was not an improper comment on the weight of the evidence, but was instead a "correct statement of the law without expressing any opinion as to the weight of the evidence or assuming the existence of a disputed fact." *Id.*

"The trial court's decision will not be disturbed unless a clear abuse of discretion and harm are shown." *Id.* A trial court abuses its discretion when "its decision is so clearly wrong as

to lie outside the zone within which reasonable persons might disagree." *Id.* (citing *Howell*, 175 S.W.3d at 790).[1]

### B. Application of the Law to the Facts

During its deliberations, the jury sent the following note:

We are disputing what information Ashleigh Price left off her witness statement. We dispute whether she left of (sic) the fact that there was a baby on the ground, a gun involved, or both. This was discussed during cross examination.

Before issuing its response, the trial court noted on the record, "I'm going to answer the question as follows with the cross-examination in it's [sic] entirety…And I will augment it with there may have been discussion during the direct examination that could further resolve your issues but that is not the question that has been asked." Appellant objected to the trial court's "augmentation." Overruling appellant's objection, the trial court ultimately responded to the note as follows:

There was no testimony during cross examination pertaining to "a gun involved." There may have been discussion of the gun during direct examination that might resolve any additional questions that you might have. You are reminded again that you are entitled to inspect any exhibits that were admitted in evidence.

---

[1] For example, where a jury's note stated they were in disagreement concerning a particular topic of the witness's testimony, but the note only specifically mentioned the direct examination, the trial court did not abuse its discretion in interpreting the sentence "we are in disagreement concerning this matter" as an expression of disagreement concerning the witness's *entire* testimony related to that topic and thus allowing the jury to hear both the witness's direct and cross-examination, but related only to that topic. *Iness v. State*, 606 S.W.2d 306, 314 (Tex. Crim. App. 1980) (en banc). In contrast, a trial court did abuse its discretion when the jury requested only the date and time of a particular incident, and the court responded by ordering all of the testimony of the arresting officer to be read, none of which related to the date and time of the incident as requested by the jury. *Id.* (citing *Pugh v. State*, 376 S.W.2d 760 (Tex. Crim. App. 1964)).

Attached to the trial court's response was a copy of Price's cross-examination testimony. The jury did not request, nor was the jury provided with a copy of the direct examination testimony referred to by the trial court's response.

Appellant asserts specifically the trial court "suggested the weight of the evidence" by instructing the jury to compare Price's direct testimony, which was not requested by or provided to the jury, to her cross-examination testimony, which was. Appellant argues that, in providing this response to the jury's note, the trial court "invaded the jury's role of fact finder."

The State responds that the trial court properly provided the jury with the means necessary to resolve its factual dispute. The State also contends the trial court's response to the jury's note was not a comment on the weight of the evidence.

In the trial court, counsel for appellant made no specific objection to the trial court's response to the jury note, but only a general comment and objection as to the trial court's "augmentation" and the trial court's "additional statement that disputes involving a firearm could have been in the direct examination." This general comment was insufficient to preserve error on this point. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Nevertheless, we cannot conclude the trial court erred. First, the jury's note read, "We are disputing what information Ashleigh Price left off her witness statement." This language is similar to the note language in *Iness*, which stated "we are in disagreement concerning this matter." *See Iness*, 606 S.W.2d at 314. In that case, as in ours, despite the reference to a specific point during the witness's examination, the trial court did not abuse its discretion in interpreting this note as "an expression of disagreement concerning the witness's entire testimony related to that topic." *See id.* The *Iness* court even permitted the jury to hear both the witness's direct and cross-examination testimony on the topic in question, despite the jury's specific reference to only the witness's direct testimony. *See id.* In the case before us, the trial court did not provide both

–9–

Price's direct and cross-examination testimony, but only indicated in its answer there "may have been" discussion of a gun during Price's direct examination. *See id.* Consistent with *Iness*, by providing the jury only with Price's cross-examination testimony, as the jury requested, and limiting its response about Price's direct testimony related to that topic, the trial court did not abuse its discretion in its ultimate response to the jury. *See id.*

Second, the trial court's response to the jury's note was not an improper comment on the weight of the evidence. Following the general rule stated in *Lucio*, the trial court merely responded to a "subject identified by the jury alone"; that is, the testimony about the presence of a gun involved and/or a baby on the ground. *See Lucio*, 353 S.W.3d at 877. Since the jury itself inquired about these specific subjects and because the trial court's response merely addressed those subjects, the trial court did not provide an improper comment on the weight of the evidence. *See id.*

Consequently, we decide against appellant on his second issue.

## IV. CONCLUSION

We decide against appellant on his two issues and affirm the trial court's judgment.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

120551F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH BRONSHA PAUL, Appellant

No. 05-12-00551-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-42449-Y.
Opinion delivered by Justice Lang.   Justices
Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 20th day of March, 2014.


/Douglas S. Lang
DOUGLAS S. LANG
JUSTICE

–11–