**Opinion issued July 22, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00493-CR

—————————————

**RYAN MATTHEW STAIRHIME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1387371**

---

### CONCURRING MEMORANDUM OPINION

I join in the Court's rejection of Appellant's first three issues. I also join in

its rejection of Appellant's fourth issue based on our prior, controlling precedent:

*Harrison v. State*, 333 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2010, pet.

ref'd).

While I agree with the holding in *Harrison* that an "affirmative statement of 'no objection' waives any error relating to that matter," I would not read the phrase "that matter" so broadly. I do not agree that the "matter" under consideration when the trial court has just seated the jury is the entire voir dire process. Instead, the issue at that time is whether the court has made a mistake in identifying the jurors who will sit based on the parties' respective jury strikes.

In *Harrison*, we broadly construed the phrase "that matter" to cover the entire voir dire process when, after seating the jury, the court asked whether either side had any objection to the seating of the jury, and the appellant stated that he had none. *Id.* at 812. The appellant had already objected that he had not been provided adequate time to conduct voir dire and had tendered the questions that he would have asked. *Id.* We found the appellant's statement that he had no objections to the seating of the jury waived his earlier objection. *Id.* at 813. I disagree with that analysis. At that moment in the trial, the attorneys are focused on examining their strike sheets to ensure that the court has not accidentally seated a juror whom the party had struck on the peremptory strike list, evaluating the other party's strikes, and analyzing the resulting composition of the jury.

In my view, the court's question in *Harrison* was not sufficiently specific to notify the appellant that the court wanted to hear objections not just on the narrow issue immediately before it—the seating of the jury—but also on every issue that

had occurred during the voir dire process. That process covers a multitude of events that could result in objections, such as the court's imposition of time limitations and rulings on objections to the factual statements made by the lawyers during voir dire, questions to the panel and individual venire members, challenges for cause, and *Batson* issues.

I reach the same conclusion regarding the court's question in this case. Reasonable practitioners would not have interpreted the court's inquiry to have sought re-argument about every prior voir dire issue; those issues had been decided and the only viable remedy would have been to dismiss the panel and conduct a new voir dire. To construe the court's question in front of the jury as reaching all of those issues at that stage of the trial is, in my view, setting a trap for counsel. Accordingly, I would conclude that the entire voir dire process was not the "matter" waived; instead, only an objection to the seating of the panel was waived.

Nevertheless, we are bound by *Harrison*, and therefore, I respectfully concur in the Court's opinion.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Justice Brown, concurring in part.

Publish. TEX. R. APP. P. 47.2(b).

3