Pedro Ariel Zarate LUCIO, Appellant,

v.

The STATE of Texas.

No. PD–0659–10.

Court of Criminal Appeals of Texas.

Nov. 9, 2011.

Wm. Reagan Wynn, Fort Worth, for Appellant.

Edward L. Wilkinson., Asst. District Atty, Fort Worth, Lisa C. McMinn, State's Attorney, Austin, for State.

## OPINION

ALCALA, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

In this petition for discretionary review, appellant Pedro Ariel Zarate Lucio contends that the court of appeals erred by holding that the trial court did not improperly comment on the weight of the evidence in its answer to the jury's question. *Lucio v. State*, No. 02–08–00179–CR, 2010 WL 1730865, at \*8–9, 2010 Tex.App. LEXIS 3241, at \*21–22 (Tex.App.-Fort Worth Apr. 29, 2010) (mem. op., not designated for publication). Although it will usually constitute a comment on the weight of the evidence for a trial court to focus on a particular piece of evidence in its initial

charge to the jury, we hold that a trial court's answer to a question a jury asks during deliberations will not necessarily constitute an improper comment on the weight of the evidence. We, therefore, affirm the court of appeals's judgment.

## I. Background

A jury convicted appellant in trial cause number 1108904–R for murder in Count II and for engaging in organized criminal activity in Count III as charged in a single indictment.[1] *See* Tex. Pen.Code §§ 19.02 & 71.02. While deliberating in the sentencing phase of trial, the jury sent a written note to the trial court asking, "Are there any limitations on who can speak as a character witness during the sentencing phase?" The trial court responded, "You have heard all of the witnesses who were called to testify. Please continue your deliberations." Moments later, the jury submitted another note asking, "Does the law prevent a family member from speaking during the sentencing phase, for the defendant?" Following extensive discussion among the lawyers and the trial court, the court proposed the following response:

> The law does not prohibit a family member from testifying on behalf of a defendant so long as the witness has relevant evidence related to an issue in the case. You have heard all of the witnesses who have been called to testify. Please continue your deliberations.

The trial court overruled defense counsel's objection and submitted the instruction to the jury. The jury assessed appellant's punishment at 60 years' confinement on each count. On direct appeal, appellant challenged the trial court's answer to the jury's question, contending that the answer was a comment on the weight of the evidence. *Lucio*, No. 02–08–00179–CR,

---

1. The jury acquitted appellant of capital murder as charged in Count I.

2010 WL 1730865, at *8, 2010 Tex.App. LEXIS 3241, at *20. Overruling his issue, the court of appeals explained that the law permits a trial court to respond to a jury note with a correct statement of law, as long as the answer expresses no opinion as to the weight of the evidence and does not assume the existence of a disputed fact. *Id.* at *8–9, 2010 Tex.App. LEXIS 3241, at *21–22. We granted appellant's petition for discretionary review, in which he argues that "the court of appeals erred by holding that the trial court's unnecessary supplemental jury instruction at punishment was proper and did not amount to a prohibited comment on the weight of the evidence."

## II. General Law Concerning Instructions to the Jury

■ The jury is bound to be governed by the law it receives from the court. TEX.CODE CRIM. PROC. art. 36.13; *Whaley v. State*, 717 S.W.2d 26, 32 (Tex.Crim.App. 1986). Although the trial court ordinarily provides instructions to the jury in their entirety before the jury retires to deliberate, the court may give further written instructions upon the jury's written request for additional guidance regarding applicable law. *See* TEX.CODE CRIM. PROC. art. 36.16 (providing that court may give "further charge" to jury upon jury's re-

quest after parties finish closing arguments).[2] When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions. *See Daniell v. State*, 848 S.W.2d 145, 147 (Tex.Crim.App.1993).

Because a trial court's answer to a jury's question must comply with the same rules that govern charges, the trial court, as a general rule, must limit its answer to setting forth the law applicable to the case; it must not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any response calculated to arouse the sympathy or excite the passions of the jury. *See* TEX.CODE CRIM. PROC. art. 36.14; *Bartlett v. State*, 270 S.W.3d 147, 152 (Tex.Crim.App. 2008).

## III. Analysis

■ Citing *Bartlett v. State*, appellant asserts that the trial court commented on the weight of the evidence by singling out a particular piece of evidence in its answer to the jury's question that asked whether the law permitted family members to testify. 270 S.W.3d at 152.[3] In *Bartlett*, the

**2.** *See also* TEX CODE CRIM. PROC. art. 36.27 (after deliberations have begun, jury may communicate with trial court in writing and court "shall answer any such communication in writing"); *Walker v. State*, 440 S.W.2d 653, 659 (Tex.Crim.App.1969) ("If the jury after retirement request additional instructions upon a question of law and the subject matter of the request is proper there can be no question but [t]hat the Court should give such instructions in writing."); *Gamblin v. State*, 476 S.W.2d 18, 20 (Tex.Crim.App.1972) (Article 36.27 "requires the court to answer communications of the jury and give additional instructions upon questions of law when the request is proper. If not, the court should

inform the jury that their request is not proper by referring to the court's charge.").

**3.** Appellant also cites to other cases, including *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex.Crim.App.1995) (holding trial court properly denied jury instruction that mere admission of DNA evidence does not mean that court vouches for its reliability or that results should be accepted as proof beyond reasonable doubt because that is comment on weight of evidence by singling out particular evidence for special attention), and *Brown v. State*, 122 S.W.3d 794, 802 (Tex.Crim.App. 2003) (holding that instruction in original charge informing jury that "intent or knowl-

trial court instructed the jurors at the conclusion of the guilt phase of Bartlett's trial for driving while intoxicated that they were permitted to consider the fact that he refused to submit to a breath test. *Id.* We held that a jury instruction that uses seemingly neutral language informing the jurors that they may consider evidence of a defendant's refusal to take a breath test constitutes an impermissible comment on the weight of the evidence. *Id.* We explained that, unless the instruction concerns one of three exceptions that permit the general jury charge to instruct upon particular evidence,[4] a trial court's general jury charge may not single out a particular piece of evidence for special attention. *Id.* The rationale behind this prohibition is that a trial court's focus on particular evidence has the potential to "obliquely or indirectly convey some [judicial] opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it." *Id.*

In *Bartlett*, the trial court impermissibly focused on evidence in its charge to the jury given before the jury began its deliberations by singling out evidence for particular attention by the jury. *Bartlett*, 270 S.W.3d at 148–49; *see also Brown v. State*, 122 S.W.3d 794, 797 (Tex.Crim.App. 2003); *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex.Crim.App.1995). By contrast, here, the jury is the entity that focused on the evidence in its question to the trial court. The trial court merely responded to that inquiry with a neutral and impartial statement describing the applicable law. *Bartlett*, therefore, is procedurally distinguishable because the trial

court gave the complained-of instruction before the jury's deliberations, rather than in response to a jury question, as occurs in the present case. *Bartlett*, 270 S.W.3d at 148–49; *see also Brown*, 122 S.W.3d at 797; *Matamoros*, 901 S.W.2d at 477. The concern discussed in *Bartlett*—that the trial court must not "obliquely or indirectly" convey an opinion about the weight of the evidence by singling it out and inviting the jury to pay particular attention to it-is inapplicable to this case because it was the jury that first "singled out" the evidence for particular attention, not the trial court. *Compare Bartlett*, 270 S.W.3d at 154.

This case is more analogous to *Green v. State*, in which the trial court responded to a jury question after deliberations had begun. 912 S.W.2d 189 (Tex.Crim.App.1995). In that case, after submitting to the trial court multiple requests for clarification, the jury asked whether a witness had "stated [appellant] had 'emotional problems,'" to which the trial court responded that the witness "never used the term 'emotional problems'!" *Id.* at 192. This Court held that this response was not an improper comment on the weight of the evidence, stating that "[t]he trial court responded to a narrow and straightforward jury question with a narrow and straightforward answer that was responsive to the question asked." *Id.* at 193. We explained that the response "expressed no opinion that [the witness's] testimony did not support a conclusion appellant had 'emotional problems,'" and was "an objective conclusion based on the record con-

---

edge may be inferred by acts done or words spoken" was comment on weight of evidence because it "focus[ed] the jury's attention on the type of evidence that may support a finding of criminal intent."). These decisions, like *Bartlett v. State*, stand for the general proposition that a trial court improperly com-

ments on the weight of evidence by singling out evidence in its general instructions to the jury. *See Bartlett v. State*, 270 S.W.3d 147, 152 (Tex.Crim.App.2008).

4. None of these exceptions are applicable here.

cerning a dispute among the jury about the testimony of a witness." *Id.*

■ We conclude that the general rule that prohibits the court from singling out a particular piece of evidence in its instructions to the jury given prior to jury deliberations does not necessarily apply when the court merely responds to the jury's question concerning a subject identified by the jury alone. Nothing in the trial court's answer focused the jury on the fact that none of appellant's family members had testified during the punishment phase. Rather, the jury alone focused on that fact, which prompted its note to the trial court, perhaps because of evidence supplied by appellant's girlfriend, who testified that appellant "only associated with his family." In response to the jury's question, the trial court merely provided a correct statement of law that family members with relevant evidence were not prohibited from testifying. *See* TEX.R. EVID. 402 ("All relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority."). From this, the jury could have permissibly inferred either that none of the available family members could provide relevant information or that appellant did not call the available family members to testify because they would supply evidence unfavorable to appellant. *See Albiar v. State,* 739 S.W.2d 360, 362–63 (Tex.Crim.App.1987) ("The failure to produce available evidence justifies an inference that it would be unfavorable to the defendant."). Regardless of which inference the jury drew, neither was promoted by the trial court's answer, which did not improperly convey a "personal estimation of the strength or credibility" of evidence in its neutral and correct statement of the applicable law. *See Watts v. State,* 99 S.W.3d 604, 611 n. 24 (Tex.Crim.App. 2003). We hold, therefore, that the court of appeals correctly determined that the trial court did not improperly comment on the weight of the evidence in its answer, which provided a correct statement of the law without expressing any opinion as to the weight of the evidence or assuming the existence of a disputed fact. *Lucio,* No. 02–08–00179–CR, 2010 WL 1730865, at *8–9, 2010 Tex.App. LEXIS 3241, at *21–22.

■ Appellant also suggests that the trial court's answer is improper because a trial court is statutorily prohibited from commenting on the weight of the evidence in making evidentiary rulings. *See* TEX. CODE CRIM. PROC. art. 38.05. But neither party offered testimony from family members in the sentencing phase of trial so the trial court never made an evidentiary ruling concerning this matter. This statutory prohibition is, therefore, inapplicable.

■ Furthermore, in his brief, appellant asserts, in his summary of the argument, that his punishment is not assessed "on the basis of the evidence presented, but instead on the basis of speculation as to why or why not certain family members did not testify on Petitioner's behalf." The sole reference to this assertion in the argument section of his brief is a single sentence, which states, "This instruction could have no effect other than to invite the jury to speculate about why they did not hear that type of evidence." This single sentence is unaccompanied by any other argument or authorities. Similarly, in his brief in the court of appeals, appellant provides only this same single sentence, citing no authority, and the court of appeals's opinion does not address this contention. Appellant has never provided any explanation as to how the trial court's answer—which effectively instructed that only relevant evidence is admissible—would invite the jury to improperly speculate. *See* TEX.R. EVID. 402. We conclude that because appellant

failed to properly brief this assertion, the court of appeals properly declined to address it. *See* TEX.R.APP. P. 38.1(i) (an appellate brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Salazar v. State,* 38 S.W.3d 141, 147 (Tex.Crim.App.2001) (dismissing appellant's issues because "his brief presents no authority in support of his argument"). We, therefore, decline to address appellant's contention that the trial court's answer invited the jury to speculate about evidence.

We overrule appellant's ground for review.

## IV. Conclusion

We affirm the judgment of the court of appeals.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

The problem with the majority opinion is that it fails to distinguish between supplemental instructions given during the guilt and sentencing phases of trial. During the sentencing portion of trial, both sides are less restrained by the Rules of Evidence and may present testimony and evidence that was likely barred during the guilt phase. For instance, the State may introduce evidence of the defendant's prior bad acts or crimes that did not result in a conviction, as well as additional details of the offense at hand. TEX. CRIM. PROC. CODE art. 37.07, § 3(a)(1). The differing standard allows the jury to consider factors to mitigate or enhance punishment within the statutory range based on the circumstances of the crime.

During the punishment phase, the court may allow evidence as to any matter that the court deems relevant to sentencing. *Id.* However, once the introduction of evidence has been concluded, the rules and order of procedure governing the jury assessment are the same as during the guilt portion of trial. *Id.* at § 3(b). In both situations, the court should deliver the charge of the court to the jury without expressing any opinion about the weight of the evidence. TEX. CRIM. PROC. CODE art. 36.14. As the majority notes, the trial court's answer to a jury question must comply with the same rules that govern the initial jury charge since the answer is essentially a supplemental jury instruction. Maj. op. at 875. Therefore, the court must remain neutral and not express an opinion as to the weight of the evidence when responding to a jury question.

Here, the trial court's instructions indicate to the jury that it is permissible to focus on the fact that the defendant's family did not testify at punishment. In doing so, the judge expressed his opinion as to the weight of the evidence in violation of article 36.14. The judge properly directed the jurors to the jury charge when they asked whether there were limitations on who can speak as a character witness. However, the judge implicitly encouraged the jury to concentrate on evidence outside of the record when the court answered the jury's next question of whether the defendant's family was permitted to testify during the sentencing phase. The judge should again have instructed the jury to concentrate on the evidence presented and the instructions given.

The majority compares this case to *Green v. State,* 912 S.W.2d 189 (Tex.Crim. App.1995), where the trial court responded during the punishment phase to the jury's question about the content of testimony during trial. This Court held that the trial court did not improperly comment on the weight of the evidence when it directly answered the jury's question with a response based on the record. *Id.* at 193.

But here, the jury's question indicated that it was focused on why the defendant's family did not testify on his behalf. The jurors did not ask a specific question derived from the record, and the trial court exceeded its authority by answering in a way that confirmed or denied the jury's suspicions as to why the family did not testify.

The majority concludes that the rule prohibiting the court from singling out evidence "does not necessarily apply" when the court responds to a question identified by the jury. Maj. op. at 877. Not only does this conclusion provide little guidance to the lower courts, but in the instant case it fails to take into account the potential damage caused by the court's answer. We cannot ignore the fact that a statement from a judge during the sentencing phase may have a profound effect on the level of punishment assessed.

An improper instruction during the guilt portion certainly may impact whether the jury votes guilty or not guilty, but the level of harm is more easily determined based on an analysis of the limited range of evidence allowed during the guilt phase of trial. The range of evidence presented during the sentencing phase is so wide open that an instruction that enters new evidence can shift the punishment assessed, but we cannot tell to what degree. In the instant case, we do not know if the jury felt sorry for Appellant since his family did not testify, or if they believed they did not testify because Appellant is a bad person. We will never know what the jury focused on, therefore we cannot assess the harm.

Here and in other cases, an improper instruction can drastically affect the amount of a fine, the jail time assessed, or whether the death penalty is imposed. Since the level of harm caused by an improper instruction is difficult to determine, the response to a jury question must be neutral enough to withstand the same scrutiny as the initial jury charge. The court's response here was not neutral and improperly commented on the weight of a matter outside the scope of the evidence. Based on the difficulty in determining the harm caused by the trial court's response, I would reverse the decision by the court of appeals and remand to the trial court for a new punishment hearing.