

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00312-CR

CLINTON DRAKE DAUGHERTY                            APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Clinton Drake Daugherty appeals from his ten-year sentence for robbery and fifty-year sentence for aggravated assault. We affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## I. BACKGROUND

Appellant was charged by indictment with one count of aggravated robbery causing serious bodily injury to Brandon Barks (count one), one count of aggravated assault causing serious bodily injury to Victoria Brown (count two), one count of aggravated assault causing serious bodily injury to Barks (count three), and one count of aggravated assault with a deadly weapon on Brown (count four). The indictment also contained two enhancement paragraphs alleging that Appellant was previously convicted of the felony offenses of engaging in organized criminal activity and evading arrest with a prior conviction. The indicted offenses arose from a fight that broke out at Barks's home, which involved Appellant, Barks, Brown, and Victoria Dixson, and resulted in Appellant stealing money from Barks and causing permanent disfigurement to Brown's lips.

The State later amended count one to allege robbery causing bodily injury to Barks. Before trial, the State announced it would only proceed on counts one and two—the robbery of Barks and the aggravated assault of Brown—and that it would not seek a deadly-weapon finding.[2] Appellant then pleaded guilty to counts one and two, pleaded true to the enhancement paragraphs, and did not waive his right to have a jury assess his punishment. *See* Tex. Code Crim. Proc. Ann. art. 26.14 (West 2009). Both count one and count two as charged were second-degree felonies enhanced to first-degree felonies subject to punishment

---

[2]The State later dismissed the remaining two counts.

by imprisonment "for life or for any term of not more than 99 years or less than 5 years." Tex. Penal Code Ann. § 12.32(a) (West 2011); *see also id.* § 12.42(b) (West Supp. 2013), §§ 22.02, 29.02 (West 2011).

At the punishment hearing, the amended indictment was read to the jury and Appellant pleaded guilty to counts one and two and true to the enhancement paragraphs. The State introduced evidence of the underlying offenses and evidence that Appellant was prone to violence and was a member of a white-supremacy gang. Appellant proffered witnesses who testified that Appellant was not a member of a white-supremacy gang, was a good person, and deserved leniency. The trial court charged the jury that Appellant had pleaded guilty to counts one and two and had pleaded true to the enhancement paragraphs and instructed the jury to "find the defendant guilty as charged in Counts One and Two of the indictment and to find the enhancement paragraphs true, and to assess his punishment as herein provided." *See Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988) (explaining propriety of trial court charging jury to return verdict of guilty and to decide only issue of punishment after defendant pleads guilty to felony offense before the jury), *cert. denied*, 489 U.S. 1091 (1989).

During its punishment deliberations, the jury sent out a note asking, "Are the sentences served concurrently?" *See generally* Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006) (prescribing process by which jury may communicate with trial court). The trial court proposed to answer the question "I cannot answer

3

your question," to which Appellant did not object. Thus, the written answer was delivered to the jury. Later, the jury sent out a second note: "Please define robbery. Who are considered victims in count two?" The trial court's proposed answer was: "One, 'a person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly[,] or recklessly causes bodily injury to another.' Two, [t]he victim in count two is Victoria Brown, as alleged in the indictment." Appellant objected "as to improper comment on the weight of the evidence [because] it's not in the original charge, and it would be an indication that would be improper to pursue right now." The trial court overruled Appellant's objection and presumably sent its written response to the jury. The jury assessed Appellant's punishment at ten years' confinement for count one and fifty years' confinement for count two. The trial court sentenced Appellant accordingly and ordered the sentences to run concurrently.

Appellant filed a motion for new trial, which was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). Appellant now appeals and argues that the trial court's response to the jury's second note was in error, which caused him some harm.

## II. DISCUSSION

### A. LAW REGARDING JURY-QUESTION ANSWERS

In evaluating a jury-charge issue, we first determine whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error occurred,

4

whether it was preserved determines the degree of harm required for reversal. *Id.* Error in jury instructions, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *see Reeves v. State*, No. PD-1711-12, 2013 WL 5221142, at *2 (Tex. Crim. App. Sept. 18, 2013) (unanimous opinion).

Answers given by a trial court in response to jury questions are considered supplemental jury instructions; thus, the trial court must comply with the requirements applicable to jury charges and, accordingly, may not express any opinion as to the weight of the evidence or otherwise discuss the facts. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007), art. 36.16 (West 2006); *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011). Although a trial court may not single out a particular piece of evidence in its instructions to the jury, this rule does not "necessarily apply" if the trial court is responding to a question regarding a subject identified by the jury. *Lucio*, 353 S.W.3d at 877. Further, a response that refers to the original jury charge does not equate to an additional instruction. *See Earnhart v. State*, 582 S.W.2d 444, 450 (Tex. Crim. App. 1979).

### B. ANSWER DEFINING ROBBERY

Appellant first attacks the trial court's response to the jury's request for a definition of robbery. Appellant points to the indictment, which alleged only knowingly and intentionally as the culpable mens rea, and asserts that the trial

5

court's definition of robbery, which included recklessly as a culpable mens rea, was erroneous. This error, Appellant asserts, violated his statutory right to have the jury assess his punishment for the charge to which he pleaded guilty. *See* Tex. Code Crim. Proc. Ann. art. 26.14.

Indeed, the indictment charged Appellant with "intentionally or knowingly" causing bodily injury to Barks while in the course of committing theft of property. But in responding to the jury's general request for a definition of robbery, the trial court gave the jury the definition of robbery exactly as set out in the penal code: "[I]f, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code Ann. § 29.02(a)(1). Although the lesser culpable mental state of recklessness was not alleged in the indictment, Appellant's guilty plea to the greater culpable mental states of intentional and knowing necessarily included a like plea to the culpable mental state of recklessness. *See Patterson v. State*, 46 S.W.3d 294, 303–04 (Tex. App.—Fort Worth 2001, no pet.) (holding "[b]ecause the jury found that appellant knowingly caused serious bodily injury to [the victims], it necessarily found that there was sufficient proof to support a finding that she recklessly caused serious bodily injury to them"); *cf. Little v. State*, 659 S.W.2d 425, 426 (Tex. Crim. App. 1983) (holding jury charge on lesser-included offense with culpable mental state of recklessness not error when greater offense alleged in indictment included only culpable mental states of intentionally and knowingly). Additionally, because

6

Appellant's guilt was not at issue, any definition of robbery was not "the law applicable to the case" and, therefore, would not be governed by article 36.14. *See* Tex. Code Crim. Proc. Ann. art. 36.14. The trial court's response was not erroneous. *See Lucio*, 353 S.W.3d at 877. We need not proceed to a harm analysis. *Kirsch*, 357 S.W.3d at 649.

### C. ANSWER SPECIFYING VICTIM

Appellant next asserts that the trial court's identification of Brown as the victim in response to the jury's question improperly emphasized certain evidence and, thus, was erroneous. The State posits that the jury was confused regarding the charged victim because "there were no application paragraphs to delineate who was the victim in count one and two" and because "Appellant assaulted multiple people the night of the offense, including two women . . . named Victoria." Appellant concedes that "[t]he jury's confusion [was] perfectly understandable."

The trial court's response merely referred the jury back to the indictment, which had been read to the jury at the beginning of the punishment trial and alleged that Brown was the victim. As recognized above, a communication from the trial court in response to a jury question that merely refers the jury to the original charge is not considered a supplemental instruction subject to the dictates applicable to a jury charge. *See Earnhart*, 582 S.W.2d at 450. Therefore, the trial court's response referring the jury to the indictment was not a supplemental instruction and cannot be held to have impermissibly varied from

7

articles 36.14 or 36.16.  *See Franklin v. State*, 363 SW.2d 137, 138 (Tex. Crim. App. 1962).  Even if the response were considered a supplemental instruction, it did not improperly comment on the weight of the evidence because the identification of Brown as the victim in the indictment was "an objective conclusion based on the record concerning a dispute among the jury."  *See Green v. State*, 912 S.W.2d 189, 193 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1021 (1996).  Further, Appellant had pleaded guilty to assaulting Brown; therefore, the identification of Brown as the victim was not a fact at issue for the jury and did not impermissibly single out a particular piece of evidence regarding a disputed fact.  *See Lucio*, 353 S.W.3d at 877 ("[T]he trial court did not improperly comment on the weight of the evidence in its answer, which provided a correct statement of the law without expressing any opinion as to the weight of the evidence or assuming the existence of a *disputed* fact." (emphasis added)).  In the absence of an erroneous instruction, we need not proceed to a harm analysis.  *See Kirsch*, 357 S.W.3d at 649.

### III. CONCLUSION

Because the trial court did not err in its responses to the jury's second note, we overrule Appellant's issue and affirm the trial court's judgment.

PER CURIAM

PANEL:  GABRIEL, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 20, 2014