# NO. 12-19-00350-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANDRE MONTREL WOODS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Andre Montrel Woods appeals his conviction for murder. He presents three issues on appeal. We affirm.

## BACKGROUND

Appellant was charged by indictment with the murder of Ashleigh Simone Elijah. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty" as charged and, after hearing evidence and argument on punishment, sentenced Appellant to life in prison. This appeal followed.

## JURY CHARGE AND VERDICT

In his first and second issues, Appellant argues that the jury charge and corresponding verdict are not included in the record and that, as a result, he is entitled to reversal.

The general charge given by the trial court and all special charges given or refused shall be certified by the judge and filed among the papers in the cause. TEX. CODE CRIM. PROC. ANN. art. 36.17 (West 2006). The clerk's record must contain the trial court's charge and the jury's verdict. TEX. R. APP. P. 34.5(a)(4).

When the trial court clerk originally filed the clerk's record, it did not include the trial court's charge and corresponding jury verdict. In February 2020, Appellant requested the clerk's record be supplemented, without specifying the documents he believed to be missing. In June, Appellant sent a second request for supplementation of the clerk's record including "The Charge of the Court on Guilt or Innocence." The clerk's record was supplemented on August 3 to include the trial court's charge and the corresponding verdict. As such, the charge and verdict are now part of the appellate record. *See* TEX. R. APP. P. 34.5(c)(3). Consequently, Appellant's complaints that the jury charge and verdict were missing were remedied with the filing of the supplemental clerk's record. *See Curry v. State*, No. 05-06-01272-CR, 2007 WL 1816897, at *2 (Tex. App.—Dallas June 26, 2007, pet. ref'd) (mem. op., not designated for publication) (complaint that original indictment was missing remedied with filing of supplemental clerk's record including substituted indictment). We overrule Appellant's first and second issues.

## EVIDENTIARY SUFFICIENCY

In his third issue, Appellant urges the evidence is insufficient to support his conviction.

### Standard of Review and Applicable Law

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

To prove Appellant guilty of murder as charged in this case, the State was required to prove that he intentionally or knowingly caused Elijah's death by shooting her with a firearm. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2019). A person acts "intentionally" with respect to the nature or a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a) (West 2011). A person acts "knowingly" with respect to the nature of or circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b) (West 2011). A person acts "knowingly" with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.*

**Analysis**

Appellant argues in his brief that the evidence is insufficient to support his conviction because the jury's verdict is not contained in the clerk's record. He urges that "[b]ecause there is

3

neither a charge on guilt or innocence nor a verdict, it is impossible for the evidence introduced at trial to be legally sufficient to support the court's judgment." Appellant makes no argument that the evidence is insufficient to support any of the elements of murder.

The Rules of Appellate Procedure provide that an appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Further, the "brief must state concisely all issues or points presented for review," and the "statement of an issue or point will be treated as covering every subsidiary question that is fairly included." *Id.* 38.1(f). In addressing appellate briefing requirements, the Texas Court of Criminal Appeals has explained that "Rule 38.1 allows an appellant to present whatever issues for review he or she desires, with very few limitations. Thus, an appellant is the master of his or her own destiny with respect to what issues the court of appeals is required to address within its written opinion." *Garrett v. State*, 220 S.W.3d 926, 928–29 (Tex. Crim. App. 2007). On the other hand, it has emphasized that, given this wide latitude afforded to appellants, an appellate court has no "obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record." *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *see also Lucio v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011) (holding that "sole reference to [an] assertion in the argument section of [an appellant's] brief" that was "unaccompanied by any other argument or authorities" supported conclusion that argument was inadequately briefed, and court of appeals thus properly declined to consider that argument); *Cardenas v. State*, 30 S.W.3d 384, 393–94 (Tex. Crim. App. 2000) (holding that defendant's points of error were inadequately briefed "by neglecting to present argument and authorities" in support of them). Stated more succinctly, an appellate court is not required to make an appellant's arguments for him. *See Lucio v. State*, 351 S.W.3d 878, 898 (Tex. Crim. App. 2011) (holding that appellant's point of error was "inadequately briefed and presents nothing for review as this Court is under no obligation to make appellant's arguments for her").

As addressed above, the appellate record has been supplemented to include the trial court charge and jury's verdict. Upon review of the charge and verdict, it appears that the judgment of

4

conviction comports with the jury's verdict.  As a result, Appellant is not entitled to reversal on the sufficiency ground presented.[1]  We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] However, we note that the record includes eyewitness testimony that identifies Appellant as Elijah's shooter.  The testimony of a single eyewitness can be enough to support a conviction.  ***Bradley v. State***, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing ***Aguilar v. State***, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).  As a result, even had Appellant challenged the elements of murder as insufficient, the evidence introduced at trial is sufficient to support Appellant's conviction.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2020**

**NO. 12-19-00350-CR**

**ANDRE MONTREL WOODS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. 2018-0521)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*