**Opinion issued February 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00929-CR**

————————————

**DEREK HISEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1605013**

## MEMORANDUM OPINION

A jury convicted appellant, Derek Hisey, of the offense of aggravated

robbery[1] and assessed his punishment at confinement for 22 years and a fine of

---

[1]     *See* TEX. PENAL CODE § 29.03(a)(2).

$1,500.00. In accordance with the jury's verdict, the trial court entered an affirmative finding that appellant used or exhibited a deadly weapon, namely, a firearm, during the commission of the offense. In his sole issue, appellant challenges the legal sufficiency of the evidence that he used or exhibited a deadly weapon.

We affirm.

## Background

The complainant, Paul Nguyen, testified that, on September 10, 2018, he responded to a posting on Craigslist offering a used laptop computer for sale. He contacted the seller, later identified as appellant, by text, and offered $600.00 in cash. Appellant accepted and the two agreed to meet on September 12, 2018, at a restaurant on State Highway 6 in Harris County. Appellant represented that his name was "Dave Rutherford," described himself as "white, short and [with] dark black hair," and stated that he would be driving a white Nissan car.

On September 12, 2018, when the complainant arrived at the restaurant and went inside, he did not see anyone matching the description that appellant had given. As the complainant walked back to his car, appellant approached him from behind and said, "Hey, where [is] the money?" The complainant turned around and asked, "Who are you?" Appellant, who identified himself as the laptop seller, was holding a "Black taser" in his right hand. With his left hand, appellant lifted his shirt, revealing a "light brown" or gold "gun poking out" from his waistband. The

2

complainant, who testified that he was "afraid" he would "get killed," presented his $600.00, which appellant grabbed with his left hand. Appellant then got into the passenger side of a red Ford Focus that was parked two or three spaces away. As the driver, who was female, drove out of the parking lot, the complainant took out his cellular phone and captured a photograph of the car and the license plate. The complainant then called the police. The complainant further testified that he reported to the investigating officers that appellant had shown a handgun during the robbery. The trial court admitted into evidence the photograph that the complainant captured of the car in which appellant left the scene.

Harris County Sheriff's Office ("HCSO") Deputy L. Nguyen testified that, while on patrol on September 12, 2018, he was dispatched to a restaurant on Highway 6 in Harris County to investigate an aggravated robbery. The complainant reported that a man had robbed him of $600.00 and then immediately left the restaurant. The complainant provided a description of the assailant and his car. Deputy Nguyen viewed the photograph that the complainant had taken of the car, and he broadcast the description and license number over his radio.

HCSO Sergeant S. Ashmore, who was assigned to investigate the robbery, testified that, the day after the robbery, he learned that the license plate in the photograph was registered to appellant. Ashmore compared a file photograph of appellant with the description that the complainant had given, assembled a

3

photographic lineup, and presented it to the complainant. The complainant viewed the lineup and positively identified appellant as the man who had robbed him.

After appellant was arrested, Ashmore interviewed him. Ashmore testified that, during the interview, appellant admitted

> that he had set up the victim through Craigslist to purchase a [laptop]. His wife drove him there but he said that his wife had nothing to do with it. She had no idea what he was going to do and then when he saw the complainant he walked up to him and had the stun gun in his hand and demanded his money.[2]

During deliberations, the jury sent out a note, asking: "If the gun was fake (toy gun), would the charge still be aggravated robbery?" The trial court proposed the following response, to which each side affirmatively stated that it had no objection: "Ladies and Gentlemen of the Jury please follow the charge of the Court and continue your deliberations. The Court cannot answer your question."

At the close of the guilt-innocence phase of trial, the trial court's charge authorized the jury to find appellant guilty of the offense of aggravated robbery if, in part, it found that he used or exhibited a deadly weapon during the commission of the offense.[3] The jury found appellant guilty of the offense of aggravated robbery.

---

2       A video of the interview was admitted at trial and played to the jury, but is listed in the record as "Not Reported" and is not filed in the appeal. The record reflects that audio problems with the tape made it difficult or impossible to decipher appellant's statements. Accordingly, Sergeant Ashmore testified about the dialogue.

3       The trial court also instructed the jury on the lesser-included offense of robbery.

During punishment, the State presented evidence that, two days prior to the instant offense, appellant committed an aggravated robbery in Pearland. The complainant in the Pearland offense testified that appellant set him up through a Craigslist posting, offering a used laptop computer for sale. Appellant identified himself as "Dave Rutherford," arranged to meet at a grocery store, and represented that he would be driving a white Nissan. At the grocery store, appellant approached the complainant and requested to use the complainant's cellular phone. When the complainant refused, appellant attempted to force his way into the complainant's car. The complainant then drove to another area of the parking lot and went into the grocery store. As he exited the store, another individual, a black male, approached the complainant, pointed a "silver gun" at the complainant's chest and stole $800.00 from him. Pearland Police Department Deputy M. Gonzalez testified that the complainant reported that appellant and the gunman left the scene together in a red car. The trial court admitted into evidence photographs of the gunman inside the grocery store holding a silver firearm and of the red car.

The jury assessed appellant's punishment in the instant offense at confinement for 22 years and a fine of $1,500.00. In accordance with the jury's verdict, the trial court entered an affirmative finding that appellant used or exhibited a deadly weapon during his commission of the offense.

**Deadly Weapon**

In his sole issue, appellant argues that the evidence is legally insufficient to support the aggravating element of the offense, namely, his use or exhibition of a deadly weapon during the commission of the offense.

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015); *Edwards v. State*, 497 S.W.3d 147, 156 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Our role is that of a due process safeguard, ensuring only the rationality of the trier-of-fact's finding. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The fact finder, as the judge of the facts and credibility of the witnesses, may choose to believe or not to believe the witnesses, or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person commits the offense of robbery if, "in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE § 29.02(a)(2). Theft is the unlawful appropriation of property with intent to deprive the owner of the property. *Id*. § 31.03(a). The offense of robbery is aggravated if, inter alia, the person "uses or exhibits a deadly weapon" during its commission. *Id*. § 29.03(a)(2). A firearm is a deadly weapon. *Id*. § 1.07(a)(17)(A).

Here, the record shows that appellant admitted that he set up the complainant through an advertisement on Craigslist, offering to sell a used laptop computer. Appellant admitted having approached the complainant while holding a taser, or stun gun, and having demanded the complainant's money. The complainant testified that appellant also lifted his shirt with his left hand and revealed a light-brown or gold-colored firearm "poking out" from his waistband. The complainant testified that he feared for his life and that appellant took $600.00 from him and left the scene. From this evidence, the jury could have reasonably concluded that appellant, while in the course of committing a theft of money, and with the intent to obtain or maintain control of it, intentionally or knowingly placed the complainant in fear of imminent bodily injury or death. *See id*. §§ 29.02(a)(2); 31.03(a). The jury could have also

reasonably concluded that appellant used or exhibited a firearm during his commission of the offense. *Id.* §§ 1.07(a)(17)(A), 29.03(a)(2).

Appellant argues that the evidence is insufficient that he used or exhibited a firearm during the commission of the offense because the complainant testified that he saw only the gold or brown handle of the object in appellant's waistband. Appellant asserts that the complainant merely speculated that the object was in fact a firearm.

The record shows, however, that the complainant testified that he is familiar with firearms. He discussed having participated in shooting activities at a gun range and that some of his family members own firearms. He described the color of the handle with specificity. "Testimony regarding the use of a [firearm] is sufficient to support a finding of use and exhibition of a deadly weapon." *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (en banc). That a complainant testifies to having merely seen a portion of a firearm is likewise sufficient. *See id.* (holding complainant's testimony that he saw "half" of "black colored gun" and that defendant "covered the other half" was sufficient to support deadly-weapon finding). "Where a witness has identified a gun as a firearm, the witness's competence is not undermined simply because [he] did not see each component of the gun . . . ." *Starks v. State*, No. 4-11-00848-CR, 2012 WL 2804856, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, pet. ref'd) (mem. op., not designated for publication) (holding

8

that complainant's testimony that she "only saw the 'little handle portion' of the gun" and that it "appear[ed] to be a real firearm'" was sufficient); *see also Riddick v. State*, 624 S.W.2d 709, 710–11 (Tex. App.—Houston [14th Dist.] 1981, no pet.) (holding complainant's testimony that defendant threatened her with "pistol" was sufficient, notwithstanding that she could only see barrel of firearm). It is within the province of the jury to determine the credibility of the complainant's testimony. *See Sharp*, 707 S.W.2d at 614.

Appellant asserts that expert testimony is necessary to support an affirmative finding that a deadly weapon was used in the commission of an offense. However, corroboration of the complainant's description of the weapon in the form of expert testimony is not required. *See Gomez*, 685 S.W.2d at 336.

Appellant complains that, because the jury sent out a note asking whether the offense would nevertheless be aggravated if the gun were merely a toy, "the jury struggled with this issue." And, "[u]nfortunately, the trial court gave no clarification to the jury in response to its note specifically addressing this very point."

When a trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions. *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011). Generally, the trial court must limit its answer to

9

setting forth the law applicable to the case; it must not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any response calculated to arouse the sympathy or excite the passions of the jury. *Id*. (citing TEX. CODE CRIM. PROC. art. 36.14). However, a communication from the trial court that merely refers the jury to the original charge does not constitute an additional instruction. *See Earnhart v. State*, 582 S.W.2d 444, 450 (Tex. Crim. App. 1979); *see also SantiagoVargas v. State*, No. 01-17-00349-CR, 2018 WL 3580929, at *4 (Tex. App.—Houston [1st Dist.] July 26, 2018, no pet.) (mem. op., not designated for publication). Only if we first find error in a jury instruction do we next consider whether a defendant was harmed by the error. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (applying TEX. CODE CRIM. PROC. art. 36.19 and *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)).

Here, the record shows that, during its deliberations, the jury sent out a note, asking: "If the gun was fake (toy gun), would the charge still be aggravated robbery?" The trial court, in discussing the note with appellant and the State, proposed the following response: "Ladies and Gentlemen of the Jury please follow the charge of the Court and continue your deliberations. The Court cannot answer your question." Appellant affirmatively stated that he had no objection.

Thus, to the extent that appellant complains about the trial court's response to the jury note, the matter is not preserved. *See* TEX. R. APP. P. 33.1; *Green v. State*,

10

912 S.W.2d 189, 192 (Tex. Crim. App. 1995) (holding that because defendant did not object to trial court's response to jury's question, he "presented nothing for review"). In addition, because the record shows that the trial court did not substantively respond to the jury's question, no error occurred. *See Earnhart*, 582 S.W.2d at 450 (communication from trial court that merely refers jury to original charge does not constitute additional instruction); *see, e.g., Linnear v. State*, No. 01-85-00910-CR, 1987 WL 7657, at *4 (Tex. App.—Houston [1st Dist.] Mar. 12, 1987, no pet.) (not designated for publication).

Further, there is no evidence in the record that appellant used or exhibited a toy gun. Rather, defense counsel merely speculated through his questioning of the complainant during cross-examination whether the firearm might have been a toy. And, the complainant testified that he is familiar with firearms and could discern the difference between a real firearm and a toy gun.

We hold that the evidence is legally sufficient to support appellant's conviction for the offense of aggravated robbery. *See Jackson*, 443 U.S. at 318–19; *Nowlin*, 473 S.W.3d at 317; *see also* TEX. PENAL CODE § 29.03(a)(2).

We overrule appellant's sole issue.

11

## Conclusion

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Kelly and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).