**AFFIRMED as MODIFIED and Opinion Filed July 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00241-CR**

**ULISES AGUILAR RODRIGUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F23-00043-S**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

A jury found appellant Ulises Aguilar Rodriguez guilty of continuous sexual abuse of a child and assessed punishment of forty-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.02. In one issue, appellant contends the trial court erred by improperly instructing the jury on the applicable parole law. In a cross-issue, the State requests modification of the trial court's judgment to show that appellant must comply with sex-offender registration requirements and that the complainant was under the age of fourteen at the time of the offense. We conclude the trial court did

not err in its instruction and the judgment should be modified as the State requests. Accordingly, we modify the judgment and affirm it as modified.

## BACKGROUND[1]

Appellant was charged by indictment with the offense of continuous sexual abuse of a child in violation of penal code § 21.02. TEX. PENAL CODE ANN. § 21.02 (Continuous Sexual Abuse of Young Child or Disabled Individual). Appellant pleaded not guilty and the case proceeded to a jury trial. After hearing testimony from ten witnesses including the complainant and appellant, the jury found appellant guilty. The case proceeded to the punishment phase, again before the jury.

During punishment phase deliberations, the jury sent out a note requesting guidance on when appellant would be eligible for parole: "If given a # of year sentence, when would he be eligible for parole?" The court responded: "A Defendant sentenced for this offense is never eligible for parole. He will be required to serve any sentence you assess day for day. Please continue to deliberate." The jury did so, and returned a verdict assessing appellant's punishment at 45 years' imprisonment. This appeal followed.

## TRIAL COURT'S RESPONSE TO JURY'S NOTE

In his sole issue, appellant argues the trial court improperly instructed the jury on applicable parole law. He contends that "[b]ased on the jury's note, the Court was

---

[1] Because appellant does not challenge his conviction of continuous sexual abuse of a young child, we need not discuss the evidence offered to establish his guilt.

aware the jury was considering parole and its [e]ffect on their sentence." He concludes that because the trial court did not instruct the jury that they could not consider parole, the jury "was influenced by the existence of parole and how it would factor into its deliberation."

In reviewing a jury charge issue, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we conclude error exists, we analyze the error for "some harm" to the defendant's rights when the defendant properly objected to the jury charge and for "egregious harm" when the defendant failed to object[2] to the charge. *Id.* at 743–44 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). "Thus, we review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Id.*

The trial court is required to give the jury a written charge "distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any

---

[2] Appellant argues that his attorney "did not have the opportunity to object to the trial court's response" because "[t]he trial court never presented the response to the attorneys for objection." The record is silent on whether the trial court notified appellant and his counsel of the jury's question. *See* TEX. CODE CRIM. PROC. ANN. art. 36.27 (trial court "shall use reasonable diligence to secure the presence of the defendant and his counsel" and an opportunity to object before responding to a jury's written communication, "but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper"). In *Word v. State*, 206 S.W.3d 646, 652 (Tex. Crim. App. 2006), however, the court explained that appellate courts presented with a silent record should presume that an appellant "procedurally defaulted any claimed violation of Article 36.27 and any objection to the trial court's answers to the jury questions." Accordingly, we conclude that appellant has waived any complaint about the trial court's compliance with article 36.27, *see id.*, and the "egregious harm" standard applies to any charge error.

–3–

argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14. These principles apply equally to questions the jury asks during deliberations. *Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011).

The punishment charge given to the jury here did not include parole-law instructions because appellant was convicted of an offense under penal code § 21.02, "Continuous Sexual Abuse of Young Child or Disabled Individual." Offenses under penal code § 21.02 are expressly excepted from the requirement that the jury must be instructed about parole. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4; TEX. GOV'T CODE ANN. § 508.145(a)(2) (inmate who is serving sentence for offense under penal code § 21.02 "is not eligible for release on parole").

Appellant cites *Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref'd), in support of his argument that the trial court's response to the jury's note was improper. In *Grigsby*, where the appellant was convicted of aggravated robbery, we concluded that the trial court erred by failing to instruct the jury about parole as required by code of criminal procedure article 37.07, § 4(a). *See id.* at 576. Because the appellant objected on this basis, we considered whether "the error was calculated to injure appellant's rights." *Id.* (citing *Almanza*, 686 S.W.2d at 171). Explaining that "the State, not appellant, benefits from the parole law instructions," and further noting that the jury was instructed not to consider "how long the defendant will be required to remain in confinement to serve the sentence

you decide to impose," we held that appellant "suffered no actual harm" from the trial court's error. *Id.* at 576–77.

Here, in contrast to *Grigsby*, both the trial court's charge and its response to the jury's note correctly stated the law. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4; TEX. GOV'T CODE ANN. § 508.145(a)(2). As appellant argues, the trial court's answer does not explicitly instruct the jury that "they could not consider the [e]ffect of parole on the sentence." The court's answer, however, correctly informed the jury that "[a] Defendant sentenced for this offense is never eligible for parole" and "will be required to serve any sentence you assess day for day." Further, the trial court did not express any opinion about the weight of the evidence, sum up testimony, discuss the facts, or use any argument "calculated to arouse the sympathy or excite the passions of the jury." *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Lucio*, 353 S.W.3d at 877 (no improper comment on weight of the evidence where trial court's answer to jury note "provided a correct statement of the law without expressing any opinion as to the weight of the evidence or assuming the existence of a disputed fact"). We conclude that the trial court did not err in its instruction, and we overrule appellant's sole issue. *See Ngo*, 175 S.W.3d at 743–44.

## 2. Modification of the judgment

In its cross-issue, the State contends this Court should modify the trial court's judgment to show that appellant must comply with sex-offender registration requirements and that the victim was under the age of 14 at the time of the offense.

The judgment contains a box next to the sentence, "Defendant is required to register as a sex offender in accordance with Chapter 62, CCP," but the box is not checked. The same section of the judgment contains the statement, "(For sex offender registration purposes only) The age of the victim at the time of the offense was," followed by "N/A." The judgment correctly reflects the offense for which appellant was convicted, "Sex Abuse of Child Continuous <14 YOA," and the "Statute for Offense," § 21.02 of the penal code.

The State argues that appellant's conviction makes him subject to the sex-offender registration requirements of criminal procedure code Chapter 62. A conviction based on a violation of penal code § 21.02, continuous sexual abuse of young child, is a "reportable conviction or adjudication" under code of criminal procedure art. 62.001(5)(A). Under code of criminal procedure art. 62.051, a person who has a "reportable conviction or adjudication" "shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051(a). The judgment must reflect this information. "In the event of conviction of an offense for which registration as a sex offender is required under Chapter 62," the judgment "shall reflect" a "statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(27).

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* Here, the record contains all the necessary information required to modify the judgment. Therefore, we modify the judgment to reflect that appellant is required to register as a sex offender in accordance with code of criminal procedure Chapter 62, and at the time of the offense, the victim was under 14 years of age.

## CONCLUSION

We modify the trial court's judgment and affirm as modified.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230241F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ULISES AGUILAR RODRIGUEZ,
Appellant

No. 05-23-00241-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F23-00043-S.
Opinion delivered by Justice
Breedlove. Justices Smith and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant is required to register as a sex offender in accordance with code of criminal procedure Chapter 62, and at the time of the offense, the victim was under 14 years of age.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered July 25, 2024